## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CB HOLDING CORP., | ) | Case No. 10-_____(___) |
| | ) | |
| Debtor. | ) | |
| TAX I.D. No. 20-2288640 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| 1820 CENTRAL PARK AVENUE | ) | Case No. 10-_____(___) |
| RESTAURANT CORP., | ) | |
| Debtor. | ) | |
| TAX I.D. No. 13-1855151 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| BUGABOO CREEK ACQUISITION, LLC, | ) | Case No. 10-_____(___) |
| | ) | |
| Debtor. | ) | |
| TAX I.D. No. 20-8404629 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| BUGABOO CREEK HOLDINGS, INC., | ) | Case No. 10-_____(___) |
| | ) | |
| Debtor. | ) | |
| TAX I.D. No. 52-2050966 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| BUGABOO CREEK OF SEEKONK, INC., | ) | Case No. 10-_____(___) |
| | ) | |
| Debtor. | ) | |
| TAX I.D. No. 04-3181669 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CB VII, INC., | ) | Case No. 10-_____(___) |
| | ) | |
| Debtor. | ) | |
| TAX I.D. No. 13-3039120 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CB VIII, INC., | ) | Case No. 10-_____(___) |
| | ) | |
| Debtor. | ) | |
| TAX I.D. No. 13-3481468 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CHARLIE BROWN NORTH, | ) | Case No. 10-_____(___) |
| | ) | |
| Debtor. | ) | |
| TAX I.D. No. 22-1916721 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CHARLIE BROWN'S ACQUISITION CORP., | ) | Case No. 10-_____(___) |
| | ) | |
| Debtor. | ) | |
| TAX I.D. No. 13-3948367 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CHARLIE BROWN'S AT CLIFTON, INC., | ) | Case No. 10-_____(___) |
| | ) | |
| Debtor. | ) | |
| TAX I.D. No. 22-3567309 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CHARLIE BROWN'S MARK CORP., | ) | Case No. 10-_____(___) |
| | ) | |
| Debtor. | ) | |
| TAX I.D. No. 13-3923569 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CHARLIE BROWN'S MONTCLAIR, INC., | ) | Case No. 10-_____(___) |
| | ) | |
| Debtor. | ) | |
| TAX I.D. No. 13-3314223 | ) | |

2

| | | |
|---|---|---|
| _____ ) | | |
| In re: ) | Chapter 11 | |
| ) | | |
| CHARLIE BROWN'S 1981, INC., ) | Case No. 10-_____(___) | |
| ) | | |
| Debtor. ) | | |
| TAX I.D. No. 13-3437781 ) | | |
| ) | | |
| In re: ) | Chapter 11 | |
| ) | | |
| CHARLIE BROWN'S OF ALLENTOWN, L.L.C.,) | Case No. 10-_____(___) | |
| ) | | |
| Debtor. ) | | |
| TAX I.D. No. 23-3048420 ) | | |
| ) | | |
| In re: ) | Chapter 11 | |
| ) | | |
| CHARLIE BROWN'S OF ALPHA, INC., ) | Case No. 10-_____(___) | |
| ) | | |
| Debtor. ) | | |
| TAX I.D. No. 22-3609083 ) | | |
| ) | | |
| In re: ) | Chapter 11 | |
| ) | | |
| CHARLIE BROWN'S OF BERWYN, LLC, ) | Case No. 10-_____(___) | |
| ) | | |
| Debtor. ) | | |
| TAX I.D. No. 20-0083347 ) | | |
| ) | | |
| In re: ) | Chapter 11 | |
| ) | | |
| CHARLIE BROWN'S OF BLACKWOOD, ) | Case No. 10-_____(___) | |
| L.L.C., ) | | |
| Debtor. ) | | |
| TAX I.D. No. 22-3695698 ) | | |
| ) | | |
| In re: ) | Chapter 11 | |
| ) | | |
| CHARLIE BROWN'S OF BLOOMSBURG, LLC,) | Case No. 10-_____(___) | |
| ) | | |
| Debtor. ) | | |
| TAX I.D. No. 20-2983326 ) | | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CHARLIE BROWN'S OF BRIELLE, INC., | ) | Case No. 10-_____(___) |
| | ) | |
| Debtor. | ) | |
| TAX I.D. No. 22-3588115 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CHARLIE BROWN'S OF CARLSTADT, INC., | ) | Case No. 10-_____(___) |
| | ) | |
| Debtor. | ) | |
| TAX I.D. No. 22-3676936 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CHARLIE BROWN'S OF CHATHAM, INC., | ) | Case No. 10-_____(___) |
| | ) | |
| Debtor. | ) | |
| TAX I.D. No. 13-3122452 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CHARLIE BROWN'S OF COMMACK LLC, | ) | Case No. 10-_____(___) |
| | ) | |
| Debtor. | ) | |
| TAX I.D. No. 20-0904851 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CHARLIE BROWN'S OF DENVILLE, INC., | ) | Case No. 10-_____(___) |
| | ) | |
| Debtor. | ) | |
| TAX I.D. No. 13-3411422 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CHARLIE BROWN'S OF EAST WINDSOR, LLC, | ) | Case No. 10-_____(___) |
| | ) | |
| Debtor. | ) | |
| TAX I.D. No. 20-0592747 | ) | |

4

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CHARLIE BROWN'S OF EDISON, INC., | ) | Case No. 10-_____(___) |
| | ) | |
| Debtor. | ) | |
| TAX I.D. No. 13-3218519 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CHARLIE BROWN'S OF EGG HARBOR TWP, | ) | Case No. 10-_____(___) |
| LLC, | ) | |
| Debtor. | ) | |
| TAX I.D. No. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CHARLIE BROWN'S OF FRANKLIN, LLC, | ) | Case No. 10-_____(___) |
| | ) | |
| Debtor. | ) | |
| TAX I.D. No. 20-1455232 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CHARLIE BROWN'S OF GARDEN CITY, LLC, | ) | Case No. 10-_____(___) |
| | ) | |
| Debtor. | ) | |
| TAX I.D. No. 11-3587440 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CHARLIE BROWN'S OF HACKETTSTOWN, | ) | Case No. 10-_____(___) |
| L.L.C., | ) | |
| Debtor. | ) | |
| TAX I.D. No. 22-3727493 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CHARLIE BROWN'S OF HARRISBURG, LLC, | ) | Case No. 10-_____(___) |
| | ) | |
| Debtor. | ) | |
| TAX I.D. No. 20-3371085 | ) | |

RLF1 3630056v 1

_____  )
                                   )
In re:                             )    Chapter 11
                                   )
CHARLIE BROWN'S OF HILLSBOROUGH,   )    Case No. 10-_____(___)
INC.,                              )
                  Debtor.          )
TAX I.D. No. 13-3320344            )
_____  )
                                   )
In re:                             )    Chapter 11
                                   )
CHARLIE BROWN'S OF HOLTSVILLE, LLC, )   Case No. 10-_____(___)
                                   )
                  Debtor.          )
TAX I.D. No. 20-2710138            )
_____  )
                                   )
In re:                             )    Chapter 11
                                   )
CHARLIE BROWN'S OF JACKSON, LLC,   )    Case No. 10-_____(___)
                                   )
                  Debtor.          )
TAX I.D. No. 26-0433478            )
_____  )
                                   )
In re:                             )    Chapter 11
                                   )
CHARLIE BROWN'S OF LACEY, L.L.C.,  )    Case No. 10-_____(___)
                                   )
                  Debtor.          )
TAX I.D. No. 22-3746282            )
_____  )
                                   )
In re:                             )    Chapter 11
                                   )
CHARLIE BROWN'S OF LAKEWOOD, INC., )    Case No. 10-_____(___)
                                   )
                  Debtor.          )
TAX I.D. No. 13-3400156            )
_____  )
                                   )
In re:                             )    Chapter 11
                                   )
CHARLIE BROWN'S OF LANGHORNE, INC., )   Case No. 10-_____(___)
                                   )
                  Debtor.          )
TAX I.D. No. 20-0083392            )
_____  )

6

| | |
|---|---|
| In re: | Chapter 11 |
| CHARLIE BROWN'S OF LYNBROOK LLC, | Case No. 10-_____(___) |
| Debtor. | |
| <u>TAX I.D. No. 56-2282772</u> | |
| In re: | Chapter 11 |
| CHARLIE BROWN'S OF MAPLE SHADE, INC., | Case No. 10-_____(___) |
| Debtor. | |
| <u>TAX I.D. No. 13-3180404</u> | |
| In re: | Chapter 11 |
| CHARLIE BROWN'S OF MATAWAN, INC., | Case No. 10-_____(___) |
| Debtor. | |
| <u>TAX I.D. No. 13-3148337</u> | |
| In re: | Chapter 11 |
| CHARLIE BROWN'S OF MIDDLETOWN LLC, | Case No. 10-_____(___) |
| Debtor. | |
| <u>TAX I.D. No. 06-1627565</u> | |
| In re: | Chapter 11 |
| CHARLIE BROWN'S OF ORADELL, INC., | Case No. 10-_____(___) |
| Debtor. | |
| <u>TAX I.D. No. 13-3320348</u> | |
| In re: | Chapter 11 |
| CHARLIE BROWN'S OF PENNSYLVANIA, INC., | Case No. 10-_____(___) |
| Debtor. | |
| <u>TAX I.D. No. 55-0836918</u> | |

7

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CHARLIE BROWN'S OF PISCATAWAY, LLC, | ) | Case No. 10-____(___) |
| | ) | |
| Debtor. | ) | |
| TAX I.D. No. 20-2228285 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CHARLIE BROWN'S OF READING, LLC, | ) | Case No. 10-____(___) |
| | ) | |
| Debtor. | ) | |
| TAX I.D. No. 20-3371214 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CHARLIE BROWN'S OF SCRANTON, LLC, | ) | Case No. 10-____(___) |
| | ) | |
| Debtor. | ) | |
| TAX I.D. No. 20-2709817 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CHARLIE BROWN'S OF SELINSGROVE, LLC, | ) | Case No. 10-____(___) |
| | ) | |
| Debtor. | ) | |
| TAX I.D. No. 20-8396492 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CHARLIE BROWN'S OF SPRINGFIELD, LLC, | ) | Case No. 10-____(___) |
| | ) | |
| Debtor. | ) | |
| TAX I.D. No. 20-2709892 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CHARLIE BROWN'S OF STATEN ISLAND, LLC, | ) | Case No. 10-____(___) |
| | ) | |
| Debtor. | ) | |
| TAX I.D. No. 56-2301936 | ) | |

8

| | |
|---|---|
| _____ ) | |
| In re: ) | Chapter 11 |
| ) | |
| CHARLIE BROWN'S OF TINTON FALLS, INC.,) | Case No. 10-____(___) |
| ) | |
| Debtor. ) | |
| TAX I.D. No. 22-3546981 ) | |
| ) | |
| In re: ) | Chapter 11 |
| ) | |
| CHARLIE BROWN'S OF TOM'S RIVER, LLC, ) | Case No. 10-____(___) |
| ) | |
| Debtor. ) | |
| TAX I.D. No. 20-0905492 ) | |
| ) | |
| In re: ) | Chapter 11 |
| ) | |
| CHARLIE BROWN'S OF UNION TOWNSHIP, ) | Case No. 10-____(___) |
| INC., ) | |
| Debtor. ) | |
| TAX I.D. No. 13-3358910 ) | |
| ) | |
| In re: ) | Chapter 11 |
| ) | |
| CHARLIE BROWN'S OF TREXLERTOWN, ) | Case No. 10-____(___) |
| LLC., ) | |
| ) | |
| Debtor. ) | |
| TAX I.D. No. 20-83696582 ) | |
| ) | |
| In re: ) | Chapter 11 |
| ) | |
| CHARLIE BROWN'S OF WAYNE, INC., ) | Case No. 10-____(___) |
| ) | |
| Debtor. ) | |
| TAX I.D. No. 13-3954757 ) | |

9

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CHARLIE BROWN'S OF WEST WINDSOR, INC., | ) | Case No. 10-_____(___) |
| Debtor. | ) | |
| TAX I.D. No. 13-3400159 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CHARLIE BROWN'S OF WILLIAMSPORT LLC, | ) | Case No. 10-_____(___) |
| Debtor. | ) | |
| TAX I.D. No. 20-1478218 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CHARLIE BROWN'S OF WOODBURY, INC., | ) | Case No. 10-_____(___) |
| Debtor. | ) | |
| TAX I.D. No. 13-3100601 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CHARLIE BROWN'S OF YORK, LLC, | ) | Case No. 10-_____(___) |
| Debtor. | ) | |
| TAX I.D. No. 20-3370980 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CHARLIE BROWN'S OF YORKTOWN, LLC, | ) | Case No. 10-_____(___) |
| Debtor. | ) | |
| TAX I.D. No. 13-4157855 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CHARLIE BROWN'S RESTAURANT CORP., | ) | Case No. 10-_____(___) |
| Debtor. | ) | |
| TAX I.D. No. 13-3437782 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CHARLIE BROWN'S STEAKHOUSE | ) | Case No. 10-_____(___) |
| FISHKILL, INC., | ) | |
| Debtor. | ) | |
| TAX I.D. No. 14-1819139 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CHARLIE BROWN'S STEAKHOUSE | ) | Case No. 10-_____(___) |
| WOODBRIDGE, INC., | ) | |
| Debtor. | ) | |
| TAX I.D. No. 22-3641906 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CHARLIE BROWN'S, INC., | ) | Case No. 10-_____(___) |
| | ) | |
| Debtor. | ) | |
| TAX I.D. No. 22-1814776 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| JONATHAN SEAGULL PROPERTY CORP., | ) | Case No. 10-_____(___) |
| | ) | |
| Debtor. | ) | |
| TAX I.D. No. 13-3137248 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| JONATHAN SEAGULL, INC., | ) | Case No. 10-_____(___) |
| | ) | |
| Debtor. | ) | |
| TAX I.D. No. 13-2739160 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE OFFICE AT BRIDGEWATER, INC., | ) | Case No. 10-_____(___) |
| | ) | |
| Debtor. | ) | |
| TAX I.D. No. 13-3373132 | ) | |

RLF1 3630056v 1

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE OFFICE AT CRANFORD, INC., | ) | Case No. 10-____ (___) |
| | ) | |
| Debtor. | ) | |
| TAX I.D. No. 13-3373131 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE OFFICE AT KEYPORT, INC., | ) | Case No. 10-____ (___) |
| | ) | |
| Debtor. | ) | |
| TAX I.D. No. 22-3551507 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE OFFICE AT MONTCLAIR, INC., | ) | Case No. 10-____ (___) |
| | ) | |
| Debtor. | ) | |
| TAX I.D. No. 13-3373128 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE OFFICE AT MORRISTOWN, INC., | ) | Case No. 10-____ (___) |
| | ) | |
| Debtor. | ) | |
| TAX I.D. No. 13-3373127 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE OFFICE AT RIDGEWOOD, INC., | ) | Case No. 10-____ (___) |
| | ) | |
| Debtor. | ) | |
| TAX I.D. No. 13-3632949 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE OFFICE AT SUMMIT, INC., | ) | Case No. 10-____ (___) |
| | ) | |
| Debtor. | ) | |
| TAX I.D. No. 13-3373126 | ) | |

RLF1 3630056v 1

|                                        |   |                        |
|----------------------------------------|---|------------------------|
| In re:                                 | ) | Chapter 11             |
|                                        | ) |                        |
| WHAT'S YOUR BEEF V, INC.,              | ) | Case No. 10-____(___)  |
|                                        | ) |                        |
| Debtor.                                | ) |                        |
| TAX I.D. No. 13-3294719                | ) |                        |

## DEBTORS' EMERGENCY MOTION FOR ORDER (I) AUTHORIZING PAYMENT OF PRE-PETITION PAYROLL OBLIGATIONS, (II) AUTHORIZING AND DIRECTING THEIR BANKS TO HONOR PRE-PETITION CHECKS FOR PAYMENT OF PRE-PETITION PAYROLL OBLIGATIONS, AND (II) PROHIBITING BANKS FROM PLACING HOLDS ON, OR ATTEMPTING TO REVERSE, RELATED TRANSFERS

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), by and through their undersigned attorneys, hereby file this emergency motion (the "Motion") for an order, pursuant to Bankruptcy Code §§ 105(a), 363(b), and 507(a), (i) authorizing payment of pre-petition payroll obligations, (ii) authorizing and directing all banks (collectively, the "Banks") to honor pre-petition checks for payment of such pre-petition payroll obligations, and (iii) prohibiting the Banks from placing any holds on, or attempting to reverse, any automatic transfers to employee accounts for pre-petition payroll amounts. In support of the relief requested in this Motion, the Debtors respectfully represent as follows:

### JURISDICTION

1.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue of these cases and this Motion in this District is proper to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for the relief requested in this Motion are Bankruptcy Code §§ 105(a), 363(b), and 507(a).

### INTRODUCTION

2.     On November 17, 2010 (the "Petition Date"), the Debtors filed with this Court separate, voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The Debtors have sought an order directing that their Chapter 11 cases be jointly administered by this

RLF1 3630056v 1

Court, and they have filed additional motions (some of which seek emergency relief) in the proposed lead case of CB Holding Corp.

3.      The Debtors continue to manage their properties and operate their business as debtors-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108. No trustee, examiner, or official committee has been appointed in these cases.

The Debtors and Their Business

4.      CB Holding Corp., a Delaware corporation, is the direct or indirect corporate parent of all of the other Debtors. All of CB Holding Corp.'s outstanding common and preferred stock is privately held.

5.      The Debtors own and operate the *Charlie Brown's Steakhouse* ("Charlie Brown's"), *Bugaboo Creek Steak House* ("Bugaboo Creek"), and *The Office Beer Bar & Grill* ("The Office"). Charlie Brown's and Bugaboo Creek are steakhouses, offering their customers exceptional service, value, and fresh food, along with seasonal specialties, while The Office is more casual, offering over 60 bottled beers, seasonal draft beers, and classic pub appetizers and dining options.

6.      There are currently 20 Charlie Brown's restaurants in New York, New Jersey, and Pennsylvania; 12 Bugaboo Creek restaurants in Massachusetts, Delaware, Maryland, New Hampshire, and Maine; and seven The Office restaurants in New Jersey. Shortly before the Petition Date, the Debtors closed 29 Charlie Brown's and 18 Bugaboo Creek restaurants.

7.      The Debtors have approximately 185 full-timed salaried employees and more than 2,200 full-time and part-time hourly employees. None of the Debtors' employees are members of a union.

14

RLF1 3630056v 1

Capital Structure

*Secured Debt*

8.    On June 21, 2007, in connection with the acquisition of Bugaboo Creek by Charlie Brown's, the Debtors entered into a financing agreement with Ableco Finance LLC ("Ableco"); Wells Fargo Capital Finance, Inc. (f/k/a Wells Fargo Foothill, Inc.) ("Wells"); and GMAC Commercial Finance LLC (n/k/a Ally Commercial Finance LLC) ("Ally" and collectively with Wells and Ableco, the "Senior Secured Lenders"), providing for a revolving line of credit, under which the Debtors may borrow up to an aggregate amount equal to the lesser of $15 million and a defined borrowing base with a letter of credit sublimit, and two tranches of term loans, all of which are secured by liens on substantially all of the Debtors' assets. As of the Petition Date, the Debtors had approximately $70 million outstanding under this facility.[1]

9.    On September 28, 2008, the Debtors issued $10 million in senior subordinated second lien notes pursuant to a note purchase agreement to Trimaran Fund II, L.L.C.; Trimaran Parallel Fund II, L.P.; Trimaran Capital, L.L.C.; CIBC Employee Private Equity Fund (Trimaran) Partners; and CIBC Capital Corp. (collectively, the "Second Lien Lenders"). As of the Petition Date, approximately $14 million, including accrued and unpaid interest, was outstanding under these second lien notes.

*Mezzanine Debt*

10.    Also as part of the Bugaboo Creek acquisition, on June 21, 2007, the Debtors issued $20 million in unsecured, senior subordinated notes pursuant to four note purchase agreements to Kohlberg Capital Corporation; Archer Capital Master Fund, L.P.; Camofi Master LDC; Camhzn Master LDC; and Raven Credit Opp Master Fund Ltd.

---

[1]    Specifically, the Debtors had approximately $6 million outstanding under the revolver, $12 million outstanding under Term Loan A, and $52 million outstanding under Term Loan B.

(collectively, the "Subordinated Lenders"). As of the Petition Date, the Debtors had approximately $30 million of mezzanine debt obligations, including accrued and unpaid interest, outstanding to the Subordinated Lenders.

Circumstances Leading to Filing

11.    A variety of external factors have led to a decline in the Debtors' revenue over the last several years, at the same time that costs have increased. For instance, the restaurant industry has grown more competitive, the fast-food industry has improved their product offerings and increased its market share to the detriment of casual dining restaurants, such as the Debtors, and consumers have changed their ordering habits. In addition, the "Great Recession" has led to a decline in discretionary spending among the Debtors' former and current customers, and fewer families are frequenting restaurants while food and labor costs have increased, compounding the Debtors' distress.

12.    Accordingly, for some time, the Debtors have been in discussions with their lenders and other parties regarding a financial restructuring, and they have entered into several amendments to their various credit and related facilities, but the Debtors' need for additional liquidity has not been resolved, and the economy has not improved. At this time, the only party willing to provide the Debtors with any funding is Ally, which has informed the Debtors that it is only willing to do so as a DIP loan in Chapter 11 cases where the Debtors market their assets in anticipation of a global asset sale.

13.    Thus, in an effort to maximize their value, the Debtors have entered into a DIP arrangement with Ally, and along with other first-day motions designed to ensure a smooth transition into Chapter 11, the Debtors intend to file a motion to approve a DIP financing arrangement and to attempt to sell substantially all of their assets expeditiously pursuant to Bankruptcy Code § 363.

RLF1 3630056v 1

## FACTUAL BACKGROUND

14.     Prior to the Petition Date, the Debtors issued (or began processing) checks and direct deposits in the total amount of approximately $1.460 million for payroll obligations (the "Pre-Petition Payroll") to current employees (collectively, the "Employees") and former employees (collectively, the "Former Employees") that were terminated in connection with the Debtors' closing certain restaurants in the week prior to the Petition Date. Many (if not all) of the checks, representing payment to approximately 65% of the Employees and the Former Employees that the Debtors are seeking authority to pay, were issued (or began processing) prior to the Petition Date, but have not yet been distributed to the Employees and the Former Employees because the Debtors typically distribute checks to employees on Thursdays (the day after the Petition Date).

15.     Contemporaneously with the filing of this Motion, the Debtors filed a motion for interim and final orders, pursuant to Bankruptcy Code §§ 105(a), 363(b), and 507(a), authorizing them to pay, in their discretion, pre-petition wages and salaries and to pay and honor pre-petition employee benefits and related obligations (the "Employee Wages Motion") and a motion for an order authorizing the continued use of their existing bank accounts, cash management system, and checks and business forms (the "Bank Accounts Motion"). The Debtors believe that there is a significant risk that the Banks will not honor the pre-petition checks issued to the Employees and the Former Employees without an order of this Court approving at least some of the relief requested in the Employee Wage Motion and the Bank Accounts Motion. Accordingly, the Debtors are requesting that this Court approve the limited relief sought herein before the "first-day" hearing on such motions in order to avoid the immediate and irreparable harm that would result if checks were bounced or transfers reversed.

## EMERGENCY RELIEF REQUESTED

16.    The Debtors are requesting that this Court authorize them to pay the Pre-Petition Payroll (as described in more detail in the Employee Wages Motion) to the Employees and the Former Employees.   The Pre-Petition Payroll includes, but is not limited to, (a) all accrued and unpaid salaries, wages, and bonuses to the Employees and the Former Employees of approximately $846,884.13; (b) all withholdings (including amounts relating to taxes, the Debtors' 401(k) program, and any other amounts withheld in accordance with federal, state, or local law) to the applicable third-party of approximately $450,832.75; (c) any amounts included in the Debtors' payroll relating to employee benefits or insurance to the Employees and the Former Employees of approximately $73,047.49; and (d) pro-rata accrued vacation to the Former Employees of approximately $89,469.10.

17.    The Debtors understand that the Senior Secured Lenders have consented to the use of cash collateral in connection with satisfying the Pre-Petition Payroll.

18.    Furthermore, the Debtors request that financial institutions be (a) authorized and directed to receive, process, honor, and pay all checks presented for payment and electronic payment related to the payroll obligations set forth above and (b) prohibited from placing any holds on, or attempting to reverse, any automatic transfers to the Employees' or the Former Employees' accounts for such payroll obligations.

## BASIS FOR EMERGENCY RELIEF REQUESTED

19.    There are several justifications for the relief requested in this Motion.  For instance, Bankruptcy Code § 105(a) empowers the court to issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The purpose of Bankruptcy Code § 105(a) is to ensure a bankruptcy court's power to take whatever action "is appropriate or necessary in aid of the exercise of [its] jurisdiction." 2

Collier on Bankruptcy, ¶ 105.01, at 105-5 (16th rev. ed. 1997); see also In re Joint E. & S. Dist.

Asbestos Litig., 129 B.R. 710,843 (S.D.N.Y. 1991).

   20.  Under the "necessity of payment rule" or the "doctrine of necessity"[2],

derived from Bankruptcy Code § 105(a), courts often allow the immediate payment of pre-

petition claims. In re Lehigh & New England Ry. Co., 657 F.2d 570, 581 (3d Cir. 1981); In re

Just for Feet, Inc., 242 B.R. 821, 824 (Bankr. D. Del. 1999); In re Columbia Gas System, Inc.,

171 B.R. 189, 191-92 (Bankr. D. Del. 1994) (noting that a debtor may pay a class of pre-petition

creditors in advance of a confirmed plan if essential to the continued operation of the business);

H.R. Rep. No. 95-595, 95th Cong., 2d Sess. 220, reprinted in 1978 U.S. Code Cong. & Admin.

News 6179.

   21.  Courts have long recognized that invocation of the "necessity of payment

rule" is particularly appropriate when a debtor's employees must be paid on time to assure their

continued service and loyalty during a Chapter 11 proceeding. See Mich. Bureau of Workers'

Disability Comp. v. Chateaugay Corp. (In re Chateaugay Corp.), 80 B.R. 279, 285-86 (S.D.N.Y.

1987), appeal dismissed 838 F.2d 59 (2d Cir. 1988) (approving lower court order authorizing

payment of pre-petition wages, salaries, expenses, and benefits).

   22.  Bankruptcy Code § 507(a) grants a priority claim for wages, salaries, and

commissions, including vacation, severance, and sick leave pay, earned by an employee within

180 days before filing of a bankruptcy petition, of up to $11,725 for each individual. Bankruptcy

Code § 507(a)(4) grants a priority claim for contributions to employee benefit plans arising from

services rendered within 180 days before the filing of a bankruptcy petition, to the extent that the

---

[2]  This doctrine, first articulated by the United States Supreme Court in Miltenberger v. Logansport, C&S W.
R. Co., 106 U.S. 286, 311-312 (1882), recognizes the existence of judicial power to authorize a debtor to
pay pre-petition claims in appropriate situations.

19

$11,725 limit per employee on priority wage claims is not reached.  Accordingly, granting the relief requested herein will not adversely affect the  Debtors' other unsecured creditors.

23.    In addition, the Employees, and possibly to a greater extent, the Former Employees, may assert that Debtors and certain officers and directors of the Debtors may be held personally liable for the failure to pay some or all of the accrued payroll obligations described herein on a timely basis.  Such potential claims or lawsuits could prove extremely distracting for the Debtors, for the named individuals whose attention to the Debtors' bankruptcy cases is required, and for this Court, which might be asked to entertain various motions seeking injunctions with respect to potential state court actions.  It is in the best interests of the Debtors' estates and the underlying policies of the Bankruptcy Code to eliminate the possibility of such distractions.

24.    At this critical juncture in the Debtors' cases, failure to grant the relief requested herein would severely undermine the morale of the Employees, which is at a very sensitive stage, and the Employees are being asked to commit much of their time and energy to the Debtors' efforts in Chapter 11, including the Debtors' attempt to conduct an orderly going concern sale process to maximize value for all parties.  Accordingly, allowing the Debtors to pay the Employees and the Former Employees and granting the relief requested herein will not harm the Debtors or their estates, but will instead bolster the morale of the Employees, encourage the Employees to remain with the Debtors, and contribute to a smooth transition to Chapter 11 and the sale process.

25.    As noted above, the Senior Secured Lenders have consented to the use of cash collateral in connection with satisfying the Pre-Petition Payroll.

RLF1 3630056v 1

## SATISFACTION OF BANKRUPTCY RULE 6003

26.    Pursuant to Bankruptcy Rule 6003, the Court may grant a request of a debtor to pay all or part of a pre-petition claim in the first 21 days of a case only if that relief is necessary to avoid immediate and irreparable harm.  For the reasons set forth above, payment of the above described obligations to the Employees and the Former Employees that have or will become due during this 21-day period is necessary to avoid the immediate and irreparable harm that could occur if the Debtors are unable to do so.  Accordingly, the Debtors submit that they have satisfied the requirements of Bankruptcy Rule 6003 with respect to the relief requested in this Motion

## REQUEST FOR WAIVER OF STAY

27.    As set forth above, any delay in paying the obligations addressed herein would be detrimental to the Debtors, their creditors, and their estates.  Accordingly, to the extent applicable, the Debtors seek a waiver of the 14-day stay of any order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

## NO PRIOR APPLICATION

28.    No previous request for the relief sought in this Motion has been made to this or to any other Court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit A granting the relief requested herein and such other and further relief as may be just and proper under the circumstances.

Dated: November 18, 2010
      Wilmington, Delaware

Respectfully submitted,

Mark D. Collins (No. 2981)
Christopher M. Samis (No. 4909)
Julie Finocchiaro (No. 5303)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

-and-

Joel H. Levitin
Richard A. Stieglitz Jr.
Maya Peleg
CAHILL GORDON & REINDEL LLP
Eighty Pine Street
New York, New York 10005
Telephone: (212) 701-3000
Facsimile: (212) 269-5420

*Proposed Attorneys for the Debtors and Debtors-in-Possession*

# Exhibit A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CB HOLDING CORP., | ) | Case No. 10-_____(___) |
| | ) | |
| Debtor. | ) | |
| TAX I.D. No. 20-2288640 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| 1820 CENTRAL PARK AVENUE | ) | Case No. 10-_____(___) |
| RESTAURANT CORP., | ) | |
| Debtor. | ) | |
| TAX I.D. No. 13-1855151 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| BUGABOO CREEK ACQUISITION, LLC, | ) | Case No. 10-_____(___) |
| | ) | |
| Debtor. | ) | |
| TAX I.D. No. 20-8404629 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| BUGABOO CREEK HOLDINGS, INC., | ) | Case No. 10-_____(___) |
| | ) | |
| Debtor. | ) | |
| TAX I.D. No. 52-2050966 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| BUGABOO CREEK OF SEEKONK, INC., | ) | Case No. 10-_____(___) |
| | ) | |
| Debtor. | ) | |
| TAX I.D. No. 04-3181669 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CB VII, INC., | ) | Case No. 10-_____(___) |
| | ) | |
| Debtor. | ) | |
| TAX I.D. No. 13-3039120 | ) | |

| | |
|---|---|
| In re: | Chapter 11 |
| CB VIII, INC., | Case No. 10-____ (___) |
| Debtor. | |
| TAX I.D. No. 13-3481468 | |
| In re: | Chapter 11 |
| CHARLIE BROWN NORTH, | Case No. 10-____ (___) |
| Debtor. | |
| TAX I.D. No. 22-1916721 | |
| In re: | Chapter 11 |
| CHARLIE BROWN'S ACQUISITION CORP., | Case No. 10-____ (___) |
| Debtor. | |
| TAX I.D. No. 13-3948367 | |
| In re: | Chapter 11 |
| CHARLIE BROWN'S AT CLIFTON, INC., | Case No. 10-____ (___) |
| Debtor. | |
| TAX I.D. No. 22-3567309 | |
| In re: | Chapter 11 |
| CHARLIE BROWN'S MARK CORP., | Case No. 10-____ (___) |
| Debtor. | |
| TAX I.D. No. 13-3923569 | |
| In re: | Chapter 11 |
| CHARLIE BROWN'S MONTCLAIR, INC., | Case No. 10-____ (___) |
| Debtor. | |
| TAX I.D. No. 13-3314223 | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CHARLIE BROWN'S 1981, INC., | ) | Case No. 10-_____(___) |
| | ) | |
| Debtor. | ) | |
| TAX I.D. No. 13-3437781 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CHARLIE BROWN'S OF ALLENTOWN, L.L.C., | ) | Case No. 10-_____(___) |
| | ) | |
| Debtor. | ) | |
| TAX I.D. No. 23-3048420 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CHARLIE BROWN'S OF ALPHA, INC., | ) | Case No. 10-_____(___) |
| | ) | |
| Debtor. | ) | |
| TAX I.D. No. 22-3609083 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CHARLIE BROWN'S OF BERWYN, LLC, | ) | Case No. 10-_____(___) |
| | ) | |
| Debtor. | ) | |
| TAX I.D. No. 20-0083347 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CHARLIE BROWN'S OF BLACKWOOD, L.L.C., | ) | Case No. 10-_____(___) |
| | ) | |
| Debtor. | ) | |
| TAX I.D. No. 22-3695698 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CHARLIE BROWN'S OF BLOOMSBURG, LLC, | ) | Case No. 10-_____(___) |
| | ) | |
| Debtor. | ) | |
| TAX I.D. No. 20-2983326 | ) | |

RLF1 3630056v 1

| | |
|---|---|
| In re: | Chapter 11 |
| CHARLIE BROWN'S OF BRIELLE, INC., | Case No. 10-_____(___) |
| Debtor. | |
| TAX I.D. No. 22-3588115 | |
| In re: | Chapter 11 |
| CHARLIE BROWN'S OF CARLSTADT, INC., | Case No. 10-_____(___) |
| Debtor. | |
| TAX I.D. No. 22-3676936 | |
| In re: | Chapter 11 |
| CHARLIE BROWN'S OF CHATHAM, INC., | Case No. 10-_____(___) |
| Debtor. | |
| TAX I.D. No. 13-3122452 | |
| In re: | Chapter 11 |
| CHARLIE BROWN'S OF COMMACK LLC, | Case No. 10-_____(___) |
| Debtor. | |
| TAX I.D. No. 20-0904851 | |
| In re: | Chapter 11 |
| CHARLIE BROWN'S OF DENVILLE, INC., | Case No. 10-_____(___) |
| Debtor. | |
| TAX I.D. No. 13-3411422 | |
| In re: | Chapter 11 |
| CHARLIE BROWN'S OF EAST WINDSOR, LLC, | Case No. 10-_____(___) |
| Debtor. | |
| TAX I.D. No. 20-0592747 | |

3

| | |
|---|---|
| In re: | Chapter 11 |
| CHARLIE BROWN'S OF EDISON, INC., | Case No. 10-_____(___) |
| Debtor. | |
| TAX I.D. No. 13-3218519 | |
| In re: | Chapter 11 |
| CHARLIE BROWN'S OF EGG HARBOR TWP, LLC, | Case No. 10-_____(___) |
| Debtor. | |
| TAX I.D. No. | |
| In re: | Chapter 11 |
| CHARLIE BROWN'S OF FRANKLIN, LLC, | Case No. 10-_____(___) |
| Debtor. | |
| TAX I.D. No. 20-1455232 | |
| In re: | Chapter 11 |
| CHARLIE BROWN'S OF GARDEN CITY, LLC, | Case No. 10-_____(___) |
| Debtor. | |
| TAX I.D. No. 11-3587440 | |
| In re: | Chapter 11 |
| CHARLIE BROWN'S OF HACKETTSTOWN, L.L.C., | Case No. 10-_____(___) |
| Debtor. | |
| TAX I.D. No. 22-3727493 | |
| In re: | Chapter 11 |
| CHARLIE BROWN'S OF HARRISBURG, LLC, | Case No. 10-_____(___) |
| Debtor. | |
| TAX I.D. No. 20-3371085 | |

4

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CHARLIE BROWN'S OF HILLSBOROUGH, INC., | ) | Case No. 10-_____(___) |
| Debtor. | ) | |
| TAX I.D. No. 13-3320344 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CHARLIE BROWN'S OF HOLTSVILLE, LLC, | ) | Case No. 10-_____(___) |
| Debtor. | ) | |
| TAX I.D. No. 20-2710138 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CHARLIE BROWN'S OF JACKSON, LLC, | ) | Case No. 10-_____(___) |
| Debtor. | ) | |
| TAX I.D. No. 26-0433478 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CHARLIE BROWN'S OF LACEY, L.L.C., | ) | Case No. 10-_____(___) |
| Debtor. | ) | |
| TAX I.D. No. 22-3746282 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CHARLIE BROWN'S OF LAKEWOOD, INC., | ) | Case No. 10-_____(___) |
| Debtor. | ) | |
| TAX I.D. No. 13-3400156 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CHARLIE BROWN'S OF LANGHORNE, INC., | ) | Case No. 10-_____(___) |
| Debtor. | ) | |
| TAX I.D. No. 20-0083392 | ) | |

5

| | | |
|---|---|---|
| _____ ) | | |
| In re: ) | | Chapter 11 |
| ) | | |
| CHARLIE BROWN'S OF LYNBROOK LLC, ) | | Case No. 10-_____(___) |
| ) | | |
| Debtor. ) | | |
| TAX I.D. No. 56-2282772_____ ) | | |
| ) | | |
| In re: ) | | Chapter 11 |
| ) | | |
| CHARLIE BROWN'S OF MAPLE SHADE, INC.,) | | Case No. 10-_____(___) |
| ) | | |
| Debtor. ) | | |
| TAX I.D. No. 13-3180404_____ ) | | |
| ) | | |
| In re: ) | | Chapter 11 |
| ) | | |
| CHARLIE BROWN'S OF MATAWAN, INC., ) | | Case No. 10-_____(___) |
| ) | | |
| Debtor. ) | | |
| TAX I.D. No. 13-3148337_____ ) | | |
| ) | | |
| In re: ) | | Chapter 11 |
| ) | | |
| CHARLIE BROWN'S OF MIDDLETOWN LLC, ) | | Case No. 10-_____(___) |
| ) | | |
| Debtor. ) | | |
| TAX I.D. No. 06-1627565_____ ) | | |
| ) | | |
| In re: ) | | Chapter 11 |
| ) | | |
| CHARLIE BROWN'S OF ORADELL, INC., ) | | Case No. 10-_____(___) |
| ) | | |
| Debtor. ) | | |
| TAX I.D. No. 13-3320348_____ ) | | |
| ) | | |
| In re: ) | | Chapter 11 |
| ) | | |
| CHARLIE BROWN'S OF PENNSYLVANIA, ) | | Case No. 10-_____(___) |
| INC., ) | | |
| Debtor. ) | | |
| TAX I.D. No. 55-0836918_____ ) | | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CHARLIE BROWN'S OF PISCATAWAY, LLC, | ) | Case No. 10-_____(___) |
| | ) | |
| Debtor. | ) | |
| TAX I.D. No. 20-2228285 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CHARLIE BROWN'S OF READING, LLC, | ) | Case No. 10-_____(___) |
| | ) | |
| Debtor. | ) | |
| TAX I.D. No. 20-3371214 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CHARLIE BROWN'S OF SCRANTON, LLC, | ) | Case No. 10-_____(___) |
| | ) | |
| Debtor. | ) | |
| TAX I.D. No. 20-2709817 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CHARLIE BROWN'S OF SELINSGROVE, LLC, | ) | Case No. 10-_____(___) |
| | ) | |
| Debtor. | ) | |
| TAX I.D. No. 20-8396492 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CHARLIE BROWN'S OF SPRINGFIELD, LLC, | ) | Case No. 10-_____(___) |
| | ) | |
| Debtor. | ) | |
| TAX I.D. No. 20-2709892 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CHARLIE BROWN'S OF STATEN ISLAND, LLC, | ) | Case No. 10-_____(___) |
| | ) | |
| Debtor. | ) | |
| TAX I.D. No. 56-2301936 | ) | |

7

| | |
|---|---|
| In re: | Chapter 11 |
| CHARLIE BROWN'S OF TINTON FALLS, INC., | Case No. 10-_____(___) |
| Debtor. | |
| TAX I.D. No. 22-3546981 | |
| In re: | Chapter 11 |
| CHARLIE BROWN'S OF TOM'S RIVER, LLC, | Case No. 10-_____(___) |
| Debtor. | |
| TAX I.D. No. 20-0905492 | |
| In re: | Chapter 11 |
| CHARLIE BROWN'S OF UNION TOWNSHIP, INC., | Case No. 10-_____(___) |
| Debtor. | |
| TAX I.D. No. 13-3358910 | |
| In re: | Chapter 11 |
| CHARLIE BROWN'S OF TREXLERTOWN, LLC., | Case No. 10-_____(___) |
| Debtor. | |
| TAX I.D. No. 20-83696582 | |
| In re: | Chapter 11 |
| CHARLIE BROWN'S OF WAYNE, INC., | Case No. 10-_____(___) |
| Debtor. | |
| TAX I.D. No. 13-3954757 | |

8

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CHARLIE BROWN'S OF WEST WINDSOR, INC., | ) | Case No. 10-____(___) |
| Debtor. | ) | |
| TAX I.D. No. 13-3400159 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CHARLIE BROWN'S OF WILLIAMSPORT LLC, | ) | Case No. 10-____(___) |
| Debtor. | ) | |
| TAX I.D. No. 20-1478218 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CHARLIE BROWN'S OF WOODBURY, INC., | ) | Case No. 10-____(___) |
| Debtor. | ) | |
| TAX I.D. No. 13-3100601 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CHARLIE BROWN'S OF YORK, LLC, | ) | Case No. 10-____(___) |
| Debtor. | ) | |
| TAX I.D. No. 20-3370980 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CHARLIE BROWN'S OF YORKTOWN, LLC, | ) | Case No. 10-____(___) |
| Debtor. | ) | |
| TAX I.D. No. 13-4157855 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CHARLIE BROWN'S RESTAURANT CORP., | ) | Case No. 10-____(___) |
| Debtor. | ) | |
| TAX I.D. No. 13-3437782 | ) | |

9

_____ )
| In re: | ) | Chapter 11 |
| | ) | |
| CHARLIE BROWN'S STEAKHOUSE | ) | Case No. 10-_____(___) |
| FISHKILL, INC., | ) | |
|       Debtor. | ) | |
| TAX I.D. No. 14-1819139 | ) | |

| In re: | ) | Chapter 11 |
| | ) | |
| CHARLIE BROWN'S STEAKHOUSE | ) | Case No. 10-_____(___) |
| WOODBRIDGE, INC., | ) | |
|       Debtor. | ) | |
| TAX I.D. No. 22-3641906 | ) | |

| In re: | ) | Chapter 11 |
| | ) | |
| CHARLIE BROWN'S, INC., | ) | Case No. 10-_____(___) |
| | ) | |
|       Debtor. | ) | |
| TAX I.D. No. 22-1814776 | ) | |

| In re: | ) | Chapter 11 |
| | ) | |
| JONATHAN SEAGULL PROPERTY CORP., | ) | Case No. 10-_____(___) |
| | ) | |
|       Debtor. | ) | |
| TAX I.D. No. 13-3137248 | ) | |

| In re: | ) | Chapter 11 |
| | ) | |
| JONATHAN SEAGULL, INC., | ) | Case No. 10-_____(___) |
| | ) | |
|       Debtor. | ) | |
| TAX I.D. No. 13-2739160 | ) | |

| In re: | ) | Chapter 11 |
| | ) | |
| THE OFFICE AT BRIDGEWATER, INC., | ) | Case No. 10-_____(___) |
| | ) | |
|       Debtor. | ) | |
| TAX I.D. No. 13-3373132 | ) | |

10

RLF1 3630056v 1

| | | |
|---|---|---|
| _____ ) | | |
| In re: | ) | Chapter 11 |
| | ) | |
| THE OFFICE AT CRANFORD, INC., | ) | Case No. 10-_____(___) |
| | ) | |
| Debtor. | ) | |
| TAX I.D. No. 13-3373131 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| THE OFFICE AT KEYPORT, INC., | ) | Case No. 10-_____(___) |
| | ) | |
| Debtor. | ) | |
| TAX I.D. No. 22-3551507 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| THE OFFICE AT MONTCLAIR, INC., | ) | Case No. 10-_____(___) |
| | ) | |
| Debtor. | ) | |
| TAX I.D. No. 13-3373128 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| THE OFFICE AT MORRISTOWN, INC., | ) | Case No. 10-_____(___) |
| | ) | |
| Debtor. | ) | |
| TAX I.D. No. 13-3373127 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| THE OFFICE AT RIDGEWOOD, INC., | ) | Case No. 10-_____(___) |
| | ) | |
| Debtor. | ) | |
| TAX I.D. No. 13-3632949 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| THE OFFICE AT SUMMIT, INC., | ) | Case No. 10-_____(___) |
| | ) | |
| Debtor. | ) | |
| TAX I.D. No. 13-3373126 | ) | |

RLF1 3630056v 1

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| WHAT'S YOUR BEEF V, INC., | ) | Case No. 10-____(___) |
| | ) | |
| Debtor. | ) | |
| TAX I.D. No. 13-3294719 | ) | |

### ORDER (I) AUTHORIZING PAYMENT OF PRE-PETITION PAYROLL OBLIGATIONS, (II) AUTHORIZING AND DIRECTING THE DEBTORS' BANKS TO HONOR PRE-PETITION CHECKS FOR PAYMENT OF PRE-PETITION PAYROLL OBLIGATIONS, AND (II) PROHIBITING BANKS FROM PLACING HOLDS ON, OR ATTEMPTING TO REVERSE, RELATED TRANSFERS

Upon consideration of the motion (the "Motion")[1] of the Debtors for an order pursuant to Bankruptcy Code §§ 105(a), 363(b), and 507(a), (i) authorizing payment of pre-petition payroll obligations, (ii) authorizing and directing all banks (collectively, the "Banks") to honor pre-petition checks for payment of pre-petition payroll obligations, and (iii) prohibiting the Banks from placing any holds on, or attempting to reverse, any automatic transfers to employee accounts for pre-petition payroll amounts; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and the Court having found that good and sufficient cause exists for granting the Motion; and the relief requested in the Motion being necessary to avoid immediate and irreparable harm, as contemplated by Bankruptcy Rule 6003; and upon consideration of the Declaration of Gary Lembo in Support of First-Day Motions; and upon the record of these Chapter 11 cases and any hearings held to consider the Motion; and it appearing that the relief requested in the Motion is appropriate in the context of these cases and in the best interests of the Debtors and their respective estates, their creditors, and all other parties-in-interest; it is hereby

ORDERED that the Motion is granted as set forth herein; and it is further

---

[1]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion

ORDERED that the Banks[2] upon which any payroll checks are drawn in payment of the Pre-Petition Payroll are authorized and directed to honor, upon presentation, any such payroll checks up to $1.460 million; and it is further

ORDERED that any Banks from which any automatic transfers are made to the accounts of the Employee or the Former Employees for payment of the Pre-Petition Payroll are prohibited from placing any holds on, or attempting to reverse, any automatic transfers to the Employees or the Former Employees accounts for payment of the Pre-Petition Payroll; and it is further

ORDERED that the Debtors are authorized and empowered to take any necessary actions to implement and effectuate the terms of this Order; and it is further

ORDERED that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry, notwithstanding any applicability of Bankruptcy Rule 6004(h); and it is further

ORDERED that this Court shall retain jurisdiction over all matters arising from or related to the interpretation and implementation of this Order.

Dated: _____ __, 2010
       Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE

---

[2]     The Debtors payroll account (account number 000080252231) is maintained at Bank of America