**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CB HOLDING CORP., *et al.*, | ) | Case No. 10-13683 (MFW) |
| | ) | (Jointly Administered) |
| | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | **Re: Dkt. No. 13** |

**LIMITED OBJECTION AND JOINDER OF RARE HOSPITALITY MANAGEMENT,
INC. AND RARE HOSPITALITY HOLDINGS, LLC, TO FINAL APPROVAL
OF DEBTORS' MOTION FOR APPROVAL OF STIPULATION AND ORDER (I)
AUTHORIZING SECURED POST-PETITION FINANCING PURSUANT TO 11
U.S.C. § 364, (II) AUTHORIZING THE USE OF CASH COLLATERAL
PURSUANT TO 11 U.S.C. § 363, (III) GRANTING ADEQUATE PROTECTION
PURSUANT TO 11 U.S.C. §§ 361, 363 AND 364, AND (IV) SCHEDULING FINAL
<u>HEARING PURSUANT TO BANKRUPTCY RULE 4001(C)</u>**

RARE Hospitality Management, Inc. ("RHM") and RARE Hospitality Holdings, LLC ("RHH;" collectively, with RHM, "RARE Hospitality"), by and through their undersigned counsel, hereby file this limited object (the "Objection") and joinder in similar objections raised by other landlords (to the extent not inconsistent with the herein Objection) to final approval of the *Debtors' Motion for Approval of Stipulation and Order (I) Authorizing Secured Post-Petition Financing Pursuant to 11 U.S.C. § 364, (II) Authorizing the Use of Cash Collateral Pursuant to 11 U.S.C. § 363, (III) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361, 363 and 364, and (IV) Scheduling Final Hearing Pursuant to Bankruptcy Rule 4001(c)* [Dkt No. 13] (the "Motion").[1] In support of the Objection, RARE Hospitality states as follows:

---

[1] RARE Hospitality notes that the Motion set an objection deadline of December 6, 2010. However, RARE Hospitality did not learn of the Motion until a few days ago after engaging bankruptcy counsel, whereupon this Objection was prepared as expeditiously as possible.

## BACKGROUND

1. On November 18, 2010 (the "Petition Date"), each of the above-captioned debtors and debtors-in-possession (the "Debtors") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2. The Debtors continue to operate their businesses as debtors-in-possession pursuant to section 1107 and 1108 of the Bankruptcy Code. No trustee, examiner or committee has been appointed in these chapter 11 cases.

3. RHM, as Sublandlord, and Debtor, Bugaboo Creek Holdings, Inc., as Subtenant, are parties to an unexpired lease of non-residential real property (the "Braintree Lease") for premises (the "Braintree Premises") located in that certain shopping center located on Mahar Highway, Braintree, Massachusetts. A copy of the Braintree Lease is attached hereto as **Exhibit "A."** The Braintree Premises is located within a "shopping center" as the term is used in section 365(b)(3) of the Bankruptcy Code. As of the date of this Objection, the Debtors continue to operate their business at the Braintree Premises.

4. RHH, as Sublandlord, and Debtor, Bugaboo Creek Holdings, Inc., as Subtenant, are parties to an unexpired lease of non-residential real property (the "Nashua Lease") for premises (the "Nashua Premises") located in that certain shopping center located at the intersection of Broad Street and Coliseum Avenue in Nashua, New Hampshire. A copy of the Nashua Lease is attached hereto as **Exhibit "B."** The Nashua Premises is located within a "shopping center" as the term is used in section 365(b)(3) of the Bankruptcy Code. As of the date of this Objection, the Debtors continue to operate their business at the Nashua Premises.

5. RHH, as Sublandlord, and Debtor, Bugaboo Creek Holdings, Inc., as Subtenant, are parties to an unexpired lease of non-residential real property (the "Duluth Lease") for

premises (the "Duluth Premises") located on Satellite Boulevard, Duluth, Georgia. The Debtors have filed a motion to reject the Duluth Lease, effective as of the Petition Date.

6. On the Petition Date, the Debtors filed the Motion, in which they seek interim and final orders that authorize the Debtors to, among other things, obtain Post-Petition Financing[2] pursuant to a DIP arrangement with Ally Commercial Finance LLC ("Ally"). Pursuant to the Motion, the Debtors are requesting authority to grant their Lenders liens on the Debtors' leasehold interests.

7. On November 19, 2010, the Court entered an order that approves the relief requested in the Motion on an interim basis ("Interim Order"), subject to further objection and final approval by the Court.

## RARE HOSPITALITY'S OBJECTIONS AND BASIS THEREFOR[3]

8. RARE Hospitality objects to the granting of any lien by the Debtors on the Leases as requested in the Motion with respect to the Duluth Lease in light of the Debtors' intent to reject the Duluth Lease. Accordingly, to the extent that any of the DIP financing arrangements contemplate the grant of a lien by the Debtors to their Lenders with respect to the Duluth Lease, RARE Hospitality respectfully requests that the Court deny approval of the Motion.

9. RARE Hospitality objects to the granting of any lien by the Debtors on the Leases as requested in the Motion with respect to the Braintree Lease and the Nashua Lease that is inconsistent with or otherwise not subject to the express terms and conditions of the Braintree Lease and Nashua Lease with respect to leasehold mortgages.

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

[3] A review of the docket indicates that the Debtors are in the process of addressing the various landlord objections through revisions to their proposed form of Order. Thus, this Objection is filed in an abundance of caution to the extent that the objections are not resolved and/or the revisions are not approved by the Court.

10. Neither the Debtors nor their Lenders can obtain any rights in the Braintree Lease and the Nashua Lease that they would not otherwise enjoy in the absence of the Debtors' bankruptcy cases. Accordingly, any authority granted to the Debtors to give their Lenders a leasehold mortgage must be conditioned upon compliance with express terms and conditions of the Braintree Lease and the Nashua Lease with respect to leasehold mortgages.

11. To the extent not inconsistent with the arguments raised herein herewith, RARE Hospitality joins in the objections of other landlords to the Motion.

[*Remainder of Page Intentionally Left Blank*]

**WHEREFORE**, RARE Hospitality respectfully requests that the Court enter an order that: (i) denies final approval of the Motion unless the order approving such Motion addresses the objections raised herein; and (ii) grants RARE Hospitality such further and additional relief as the Court may deem just and proper.

| | |
|---|---|
| Dated: December 10, 2010 | **BLANK ROME LLP** |
| | _/s/ Alan M. Root_ |
| | Alan M. Root (DE Bar No. 5427) |
| | 1201 Market Street, Suite 800 |
| | Wilmington, DE 19801 |
| | Telephone: (302) 425-6400 |
| | Facsimile: (302) 425-6464 |

-and-

John E. Lucian
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103

-and-

**LOWNDES, DROSDICK, DOSTER, KANTOR & REED, P.A.**
L. William Porter III
215 North Eola Drive
Post Office Box 2809
Orlando, Florida 32802-2809
Telephone: (407) 418-6270
Facsimile: (407) 843-4444

*Counsel for Rare Hospitality*