# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CB HOLDING CORP., et al.,[1] | Case No. 10-13683 (MFW) |
| | Jointly Administered |
| Debtors. | Re: Docket Nos. 213 & 232 |

## ORDER: (1) APPROVING FORM OF "STALKING HORSE" ASSET PURCHASE AGREEMENT WITH VILLA ENTERPRISES LTD., LLC, FOR THE SALE OF SUBSTANTIALLY ALL ASSETS COMPRISING THE OFFICE BEER BAR & GRILL AND ASSUMPTION AND ASSIGNMENT OF CERTAIN RELATED EXECUTORY CONTRACTS AND UNEXPIRED LEASES RELATING THERETO; (2) APPROVING SALE PROCEDURES AND FORM, MANNER, AND SUFFICIENCY OF NOTICE; (3) SCHEDULING (a) AN AUCTION AND (b) A HEARING TO CONSIDER APPROVING THE HIGHEST AND BEST OFFER; AND (4) GRANTING RELATED RELIEF

---

[1] The other Debtors, and the last four digits of each of their tax identification numbers, are: 1820 Central Park Avenue Restaurant Corp. (5151); Bugaboo Creek Acquisition, LLC (4629); Bugaboo Creek Holdings, Inc. (0966); Bugaboo Creek of Seekonk, Inc. (1669); CB Holding Corp. (8640); CB VII, Inc. (9120); CB VIII, Inc. (1468); Charlie Brown North (6721); Charlie Brown's Acquisition Corp. (8367); Charlie Brown's at Clifton, Inc. (7309); Charlie Brown's Mark Corp. (3569); Charlie Brown's Montclair, Inc. (4223); Charlie Brown's 1981, Inc. (7781); Charlie Brown's of Allentown, L.L.C. (8420); Charlie Brown's of Alpha, Inc. (9083); Charlie Brown's of Berwyn, LLC (3347); Charlie Brown's of Blackwood, L.L.C. (5698); Charlie Brown's of Bloomsburg, LLC (3326); Charlie Brown's of Brielle, Inc. (8115); Charlie Brown's of Carlstadt, Inc. (6936); Charlie Brown's of Chatham, Inc. (2452); Charlie Brown's of Commack LLC (4851); Charlie Brown's of Denville, Inc. (1422); Charlie Brown's of East Windsor, LLC (2747); Charlie Brown's of Edison, Inc. (8519); Charlie Brown's of Egg Harbor Twp, LLC (none); Charlie Brown's of Franklin, LLC (5232); Charlie Brown's of Garden City, LLC (7440); Charlie Brown's of Hackettstown, L.L.C. (7493); Charlie Brown's of Harrisburg, LLC (1085); Charlie Brown's of Hillsborough, Inc. (0344); Charlie Brown's of Holtsville, LLC (0138); Charlie Brown's of Jackson, LLC (3478); Charlie Brown's of Lacey, L.L.C. (6282); Charlie Brown's of Lakewood, Inc. (0156); Charlie Brown's of Langhorne, LLC (3392); Charlie Brown's of Lynbrook LLC (2772); Charlie Brown's of Maple Shade, Inc. (0404); Charlie Brown's of Matawan, Inc. (8337); Charlie Brown's of Middletown LLC (7565); Charlie Brown's of Oradell, Inc. (0348); Charlie Brown's of Pennsylvania, Inc. (6918); Charlie Brown's of Piscataway, LLC (8285); Charlie Brown's of Reading, LLC (1214); Charlie Brown's of Scranton, LLC (9817); Charlie Brown's of Selinsgrove, LLC (6492); Charlie Brown's of Springfield, LLC (9892); Charlie Brown's of Staten Island, LLC (1936); Charlie Brown's of Tinton Falls, Inc. (6981); Charlie Brown's of Toms River, LLC (5492); Charlie Brown's of Union Township, Inc. (8910); Charlie Brown's of Trexlertown, LLC (6582); Charlie Brown's of Wayne, Inc. (4757); Charlie Brown's of West Windsor, Inc. (0159); Charlie Brown's of Williamsport LLC (8218); Charlie Brown's of Woodbury, Inc. (0601); Charlie Brown's of York, LLC (0980); Charlie Brown's of Yorktown, LLC (7855); Charlie Brown's Restaurant Corp. (7782); Charlie Brown's Steakhouse Fishkill, Inc. (9139); Charlie Brown's Steakhouse Woodbridge, Inc. (1906); Charlie Brown's, Inc. (4776); Jonathan Seagull Property Corp. (7248); Jonathan Seagull, Inc. (9160); The Office at Bridgewater, Inc. (3132); The Office at Cranford, Inc. (3131); The Office at Keyport, Inc. (1507); The Office at Montclair, Inc. (3128); The Office at Morristown, Inc. (3127); The Office at Ridgewood, Inc. (2949); The Office at Summit, Inc. (3126); and What's Your Beef V, Inc. (4719). The Debtors' address is 1450 Route 22 West, Mountainside, New Jersey 07092.

Upon the motion, dated December 23, 2010 (Docket No. 213) (the "Motion"),[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), pursuant to sections 105(a), 363, and 365 of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004, 6006, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 6004-1, for entry of (I) a procedures order (the "Sale Procedures Order"), inter alia, (a) approving certain sale procedures (collectively, the "Sale Procedures") and scheduling a competitive auction (the "Auction") in connection with the sale (the "Sale") of the Debtors' assets (collectively, the "Assets") comprising The Office Beer Bar & Grill business (the "Business") and the assumption and assignment of certain related executory contracts and unexpired leases (the "Assumed Agreements"); (b) authorizing the Debtors to enter into a Purchase Agreement (the "Agreement") with Villa Enterprises Ltd., LLC ("VEM" or the "Stalking Horse Bidder") in connection therewith; (c) authorizing the Debtors to offer certain bid protections to the Stalking Horse Bidder; (d) scheduling a sale hearing (the "Sale Hearing") to consider entry of an order approving the Sale; and (e) approving the form and manner of notice of the Sale Hearing (the "Sale Notice"), all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and a hearing on the procedural relief requested in the Motion having been held before the Court (the "Bid Procedures Hearing"); and upon the record of the Bid Procedures Hearing; and such relief being in the best interest of the Debtors, their estates, and creditors and a sound and prudent exercise of the Debtors' business judgment; and any objections to the procedural

---

[2] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

relief requested in the Motion having been resolved, withdrawn, or otherwise overruled by this Court; and after due deliberation, and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(a), and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (N) and (O). Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B. The Debtors have articulated good and sufficient reasons for, and the best interests of their estates will be served by, this Court's granting the procedural relief requested in the Motion, including approval of: (i) the Sale Procedures; (ii) the Debtors' offer to the Stalking Horse Bidder of an expense reimbursement and break-up fee of $165,000 (the "Expense Reimbursement Fee") under the terms and conditions of the Agreement; (iii) scheduling the Auction and the Sale Hearing; and (iv) the form and manner of notice of the Auction and Sale.

C. The proposed notice of the Sale of the Assets, the Sale Hearing, the Auction, the Objection Deadline, the Proposed Cure Amounts, and the Sale Procedures, as set forth in the Motion, is good, appropriate, adequate, and sufficient and is reasonably calculated to provide all interested parties with timely and proper notice of the Sale and the Sale Procedures, and no other or further notice is required for the Sale of the Assets to the Successful Bidder.

D. The Debtors have articulated good and sufficient reasons for, and the best interests of their estates will be served by, this Court's scheduling a subsequent Sale Hearing to consider granting the other or remaining relief requested in the Motion, including approval of the Sale of the Assets to the Successful Bidder free and clear of all liens, claims, interests, and encumbrances pursuant to section 363(f) of the Bankruptcy Code.

E. Authorizing the Debtors to offer the Expense Reimbursement Fee to induce VEM to serve as the Stalking Horse Bidder represents a sound and prudent exercise of the Debtors' business judgment and will allow the Debtors to maximize the value of the Assets and seek to maximize the value of their other assets and remaining businesses.

**ACCORDINGLY, IT IS HEREBY ORDERED EFFECTIVE IMMEDIATELY THAT:**

1. The procedural relief requested in the Motion is approved to the extent provided herein.

2. The Debtors are authorized to enter into the Agreement with the Stalking Horse Bidder, subject to the terms and conditions thereof.

3. The Sale Procedures, in a form substantially similar to the procedures attached hereto as **Exhibit 1**, are approved in all respects. Except as otherwise set forth therein, any competing bid must conform to, and comply with, the Sale Procedures. The Debtors are authorized to take any and all actions necessary or appropriate to implement the Sale Procedures.

4. Allowance and payment of the Expense Reimbursement Fee under the terms and conditions set forth and in accordance with the terms of the Agreement is approved, and the Stalking Horse Bidder shall be entitled to the Expense Reimbursement Fee to the extent set forth in the Agreement and this Order.

5. If payment of the Expense Reimbursement Fee, or the Stalking Horse Bidder's entitlement to the return of the Deposit, is triggered under the terms of the Agreement, the Debtors are authorized, without further order of this Court, to (i) pay to the Stalking Horse Bidder the Expense Reimbursement Fee in the manner and upon the terms set forth in the Agreement from the proceeds of the Sale to the Successful Bidder and/or (ii) cause the release of the Deposit to the Stalking Horse Bidder (as applicable). If actually due and owing under the terms of the Agreement, the Expense Reimbursement Fee shall constitute an allowed administrative expense claim arising in these Chapter 11 cases under sections 503(b) and 507(a)(2) of the Bankruptcy Code.

6. The Sale Notice, in a form substantially similar to the notice attached hereto as **Exhibit 2**, is approved, and the Debtors shall cause the Sale Notice to be mailed to all known creditors in these cases as soon as practicable following the date hereof. Service of the Sale Notice in accordance with the Motion shall be deemed appropriate, adequate, and sufficient

and reasonably calculated to provide all interested parties with timely and proper notice of the Agreement and all transactions contemplated thereby, the Sale of the Assets, the Auction, the Bid Procedures, the Objection Deadline, the Sale Hearing, the assumption and assignment of the Assumed Agreements, and the Proposed Cure Amounts, and no other or further notice shall be required therefor. For the avoidance of doubt, the Debtors will serve upon all counterparties to the Assumed Contracts a notice of proposed cure amounts at the same time they serve the Sale Notice.

7. If bids are submitted in accordance with the Sale Procedures, the Auction shall be held at **10:00 a.m. (Eastern Time) on January 18, 2011**, at the offices of Cahill Gordon & Reindel LLP, 80 Pine Street, New York, New York 10005. Parties may appear telephonically upon the consent of the Debtors. In accordance with Local Rule 6004-1(c)(ii)(C), the Auction shall be conducted openly, and all creditors of the Debtors will be permitted to attend.

8. Each Qualified Bidder and VEM shall be required at or prior to the Auction to confirm that they have not engaged in any collusion with any other party respect to its bidding on the Assets.

9. The Sale Hearing to consider approval of the Debtors' entry into and consummation of a transaction with the Stalking Horse Bidder or a Successful Bidder (as applicable) shall be held on **January 20, 2011 at 9:30 a.m. (Eastern Time)** at the United States Bankruptcy Court, 824 Market Street, 5th Fl., Courtroom #4, Wilmington, Delaware, unless rescheduled to another date in accordance with the Sale Procedures.

10. Any objections to the Sale of the Assets to the Successful Bidder shall be in writing, state the basis of such objection with specificity, and be filed with the Court and served so as to be **received actually** on or before **January 14, 2011 at 4:00 p.m. (Eastern Time)** on: (i) proposed counsel to the Debtors, Cahill Gordon & Reindel LLP, Eighty Pine Street, New York, New York 1005 (Attn: Joel H. Levitin, Richard A. Stieglitz Jr., and Maya Peleg), fax number: 212 369-5420, and Richards, Layton & Finger, P.A., One Rodney Square, 920 North

King Street, Wilmington, Delaware 19801 (Attn: Mark D. Collins and Christopher M. Samis), fax number: 302 651-7701; (ii) counsel to Ally Commercial Finance LLC, Vedder Price P.C., 222 N. LaSalle Street, Suite 2600, Chicago, Illinois 60601 (Attn: Douglas J. Lipke), fax number: 312 609-5005; (iii) counsel to Wells Fargo Capital Finance, Inc., Bingham McCutchen LLP, 399 Park Avenue, New York, New York, 10022-4689 (Attn: Katherine G. Weinstein), fax number: 212 752-5378; (iv) counsel to Ableco Finance LLC, Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022 (Attn: Eliot L. Relles), fax number: 212 593-5955; (v) proposed counsel to the Committee, Pachulski Stang Ziehl & Jones LLP, (a) 10100 Santa Monica Boulevard, 11th Floor, Los Angeles, California 90067 (Attn: Jeffrey N. Pomerantz), fax number: 310 201-0760, and (b) 919 North Market Street, 17th Floor, Wilmington, Delaware 19899-8705 (courier 19801) (Attn.: Bradford J. Sandler), fax number: 302 625-4400; (vi) the Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 King Street, Suite 2313 Lockbox 35, Wilmington, Delaware 19801 (Attn: Juliet Sarkesian), fax number: 302 573-6497; and (vii) VEM and counsel to VEM, Laurent Xatart and Beth R. Stearns, c/o Cozzoli Broward, LLC, 25 Washington Street, Morristown, New Jersey 07960, Norris McLaughlin & Marcus, P.A., 721 Route 202-206, Suite 200, P.O. Box 5933, Bridgewater, New Jersey 08807-5933 (Attn: Morris S. Bauer), fax number: 908 722-0755, and Bifferato Gentilotti, 800 North King Street, Plaza Level, Wilmington, Delaware 19801 (Attn: Garvin F. McDaniel), fax number: 302 429-8600.

11. Objections to the Debtors' Cure Amount Schedule attached as **Exhibit 3** hereto (which Schedule identifies the Assumed Agreements) or otherwise with respect to the proposed assumption and assignment of an Assumed Agreement shall: (a) be in writing; (b) be filed with the Court, and served so as to be **actually received** on or before **January 14, 2011 at 4:00 p.m. (Eastern Time)** on: (i) proposed counsel to the Debtors, Cahill Gordon & Reindel LLP, Eighty Pine Street, New York, New York 1005 (Attn: Joel H. Levitin, Richard A. Stieglitz Jr., and Maya Peleg), fax number: 212 369-5420, and Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801 (Attn: Mark D. Collins

and Christopher M. Samis), fax number: 302 651-7701; (ii) counsel to Ally Commercial Finance LLC, Vedder Price P.C., 222 N. LaSalle Street, Suite 2600, Chicago, Illinois 60601 (Attn: Douglas J. Lipke), fax number: 312 609-5005; (iii) counsel to Wells Fargo Capital Finance, Inc., Bingham McCutchen LLP, 399 Park Avenue, New York, New York, 10022-4689 (Attn: Katherine G. Weinstein), fax number: 212 752-5378; (iv) counsel to Ableco Finance LLC, Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022 (Attn: Eliot L. Relles), fax number: 212 593-5955; (v) proposed counsel to the Committee, Pachulski Stang Ziehl & Jones LLP, (a) 10100 Santa Monica Boulevard, 11th Floor, Los Angeles, California 90067 (Attn: Jeffrey N. Pomerantz), fax number: 310 201-0760, and (b) 919 North Market Street, 17th Floor, Wilmington, Delaware 19899-8705 (courier 19801) (Attn.: Bradford J. Sandler), fax number: 302 625-4400; (vi) the Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 King Street, Suite 2313 Lockbox 35, Wilmington, Delaware 19801 (Attn: Juliet Sarkesian), fax number: 302 573-6497; and (vii) VEM and counsel to VEM, Laurent Xatart and Beth R. Stearns, c/o Cozzoli Broward, LLC, 25 Washington Street, Morristown, New Jersey 07960, Norris McLaughlin & Marcus, P.A., 721 Route 202-206, Suite 200, P.O. Box 5933, Bridgewater, New Jersey 08807-5933 (Attn: Morris S. Bauer), fax number: 908 722-0755, and Bifferato Gentilotti, 800 North King Street, Plaza Level, Wilmington, Delaware 19801 (Attn: Garvin F. McDaniel), fax number: 302 429-8600; (c) specify the objecting party's asserted cure amounts, if any; and (d) be accompanied by appropriate supporting documentation demonstrating the calculation of the cure amount, as claimed. **Unless an objection to the proposed assumption and assignment of an Assumed Agreement and/or to the Cure Amount Schedule is timely and properly filed and served in the manner set forth herein, all non-debtor parties to the Assumed Agreements shall be deemed to have consented, as applicable, to the applicable provision of the Cure Amount Schedule and/or be forever barred from objecting thereto in the future or to the proposed assumption and assignment thereof to the Stalking Horse Bidder or the Successful Bidder (as applicable).**

12. Notwithstanding any other provision hereof, copies of this Order and all

pleadings submitted in support of the Motion and the Cure Amount Schedule shall (to the extent not previously served with the Motion) be served via first class mail (and/or telephonically or via e-mail in the case of subsection (g) below) as soon as practicable following the entry hereof upon the following parties: (a) the Office of the United States Trustee for the District of Delaware; (b) all parties known to have asserted an interest in the Assets (including, without limitation, secured creditors) or their known counsel; (c) proposed counsel for the Committee; (d) all parties that have filed a notice of appearance; (e) all non-debtor parties to the Assumed Agreements; (f) the Internal Revenue Service and the Divisions of Taxation for each of New Jersey and Delaware; and (g) all parties the Debtors reasonably believe may be interested in bidding on the Assets. Such service shall constitute good and sufficient notice of the Motion and the relief requested therein under applicable Federal and Local Rules of Bankruptcy Procedure and under the circumstances set forth in the Motion and the related documents and evidence presented at the hearing on the Sale Procedures Motion.

13. The Debtors shall provide all counterparties to the Assumed Agreements with notice of the identity of the Successful Bidder (to the extent it is not the Stalking Horse Bidder) within one (1) business day following the Auction via either (a) e-mail or fax or (b) overnight delivery service, in the event the Debtors do not have e-mail or fax information for such Counterparties to the Assumed Agreements. Any counterparties to the Assumed Agreements that want notice of the identity of the Successful Bidder to be sent to them by e-mail or fax shall provide the Debtors with necessary contact information at least one (1) business day prior to the Auction.

15. Notwithstanding the possible applicability of Federal Rules of Bankruptcy Procedure 6004(h) and 6006(d), this Order shall not be stayed for 14 days after the entry hereof and shall be effective immediately upon signature hereof.

16. The Debtors and VEM shall be authorized to take all actions necessary to implement the terms of this Order.

17. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: January 6, 2011
Wilmington, Delaware

HONORABLE MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE