**CB Holding Corp., et al.**
**Statement of Limitations, Methodology and Disclaimer**
**Regarding the Debtors' Schedules and Statements**

The Schedules of Assets and Liabilities (collectively, the "Schedules") and the Statements of Financial Affairs (collectively, the "Statements" and, together with the Schedules, the "Schedules and Statements") filed by CB Holding Corp.; 1820 Central Park Avenue Restaurant Corp.; Bugaboo Creek Acquisition, LLC; Bugaboo Creek Holdings, Inc.; Bugaboo Creek of Seekonk, Inc.; CB Holding Corp.; CB VII, Inc.; CB VIII, Inc.; Charlie Brown North; Charlie Brown's Acquisition Corp.; Charlie Brown's at Clifton, Inc.; Charlie Brown's Mark Corp.; Charlie Brown's Montclair, Inc.; Charlie Brown's 1981, Inc.; Charlie Brown's of Allentown, L.L.C.; Charlie Brown's of Alpha, Inc.; Charlie Brown's of Berwyn, LLC; Charlie Brown's of Blackwood, L.L.C.; Charlie Brown's of Bloomsburg, LLC; Charlie Brown's of Brielle, Inc.; Charlie Brown's of Carlstadt, Inc.; Charlie Brown's of Chatham, Inc.; Charlie Brown's of Commack LLC; Charlie Brown's of Denville, Inc.; Charlie Brown's of East Windsor, LLC; Charlie Brown's of Edison, Inc.; Charlie Brown's of Egg Harbor Twp, LLC; Charlie Brown's of Franklin, LLC; Charlie Brown's of Garden City, LLC; Charlie Brown's of Hackettstown, L.L.C.; Charlie Brown's of Harrisburg, LLC; Charlie Brown's of Hillsborough, Inc.; Charlie Brown's of Holtsville, LLC; Charlie Brown's of Jackson, LLC; Charlie Brown's of Lacey, L.L.C.; Charlie Brown's of Lakewood, Inc.; Charlie Brown's of Langhorne, LLC; Charlie Brown's of Lynbrook LLC; Charlie Brown's of Maple Shade, Inc.; Charlie Brown's of Matawan, Inc.; Charlie Brown's of Middletown LLC; Charlie Brown's of Oradell, Inc.; Charlie Brown's of Pennsylvania, Inc.; Charlie Brown's of Piscataway, LLC; Charlie Brown's of Reading, LLC; Charlie Brown's of Scranton, LLC; Charlie Brown's of Selinsgrove, LLC; Charlie Brown's of Springfield, LLC; Charlie Brown's of Staten Island, LLC; Charlie Brown's of Tinton Falls, Inc.; Charlie Brown's of Toms River, LLC; Charlie Brown's of Union Township, Inc.; Charlie Brown's of Trexlertown, LLC; Charlie Brown's of Wayne, Inc.; Charlie Brown's of West Windsor, Inc.; Charlie Brown's of Williamsport LLC; Charlie Brown's of Woodbury, Inc.; Charlie Brown's of York, LLC; Charlie Brown's of Yorktown, LLC; Charlie Brown's Restaurant Corp.; Charlie Brown's Steakhouse Fishkill, Inc.; Charlie Brown's Steakhouse Woodbridge, Inc.; Charlie Brown's, Inc.; Jonathan Seagull Property Corp.; Jonathan Seagull, Inc.; The Office at Bridgewater, Inc.; The Office at Cranford, Inc.; The Office at Keyport, Inc.; The Office at Montclair, Inc.; The Office at Morristown, Inc.; The Office at Ridgewood, Inc.; The Office at Summit, Inc.; and What's Your Beef V, Inc. (collectively, the "Debtors") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") have been prepared pursuant to section 521 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") by management of the Debtors with the assistance of their court-appointed advisors and are unaudited.

Although management has made every reasonable effort to ensure that the Schedules and Statements are as accurate and complete as possible based on information that was available to them at the time of preparation, subsequent information or discovery may result in material changes to these Schedules and Statements, and inadvertent errors or omissions may exist. Because the Schedules and Statements contain unaudited information, which is subject to further review and potential adjustment, there can be no assurance that these Schedules and Statements are complete. Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to the Debtors' chapter 11 cases (the "Chapter 11 Cases"), including, but not limited to, issues involving substantive consolidation, equitable subordination and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws to recover assets or avoid transfers. This Statement of Limitations, Methodology and Disclaimer Regarding the Debtors' Schedules and Statements (the "Statement of Limitations") is incorporated by reference in, and comprises an integral part of, the Schedules and Statements, and should be referred to and reviewed in connection with any review of the Schedules and Statements.

RLF1 3754667v. 1

<u>Agreements Subject to Confidentiality</u>. There may be instances within the Schedules and Statements where certain information has intentionally been revised and/or redacted due to concerns about the confidential or commercially sensitive nature of certain information or concerns for the privacy of an individual. The revisions will be limited to only what is necessary to protect the Debtors or third party and will provide interested parties with sufficient information to discern the nature of the listing.

<u>Amendment</u>. Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors or omissions may exist. The Debtors reserve all rights to amend and/or supplement the Schedules and Statements as is necessary and appropriate.

<u>Causes of Action</u>. Despite their reasonable efforts to identify all known assets, the Debtors may not have set forth all of their causes of action or potential causes of action against third parties as assets in their Schedules and Statements, including, but not limited to, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant non-bankruptcy laws to recover assets. The Debtors reserve all of their rights with respect to any claims, causes of action or avoidance actions they may have and neither this Statement of Limitations nor the Schedules and Statements shall be deemed a waiver of any such claim, causes of action or avoidance action or in any way prejudice or impair the assertion of such claims.

<u>Claims Designations</u>. Any failure to designate a claim on the Debtors' Schedules and Statements as "disputed," "contingent" or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent" or "unliquidated." The Debtors reserve the right to dispute any claim reflected on their Schedules or Statements on any grounds, including, but not limited to, amount, liability or classification, or to otherwise subsequently designate such claims as "disputed," "contingent" or "unliquidated."

<u>Net Book Value of Assets</u>. Unless otherwise indicated, the Debtors' assets and liabilities are shown on the basis of its net book value rather than current market values. As a result, amounts ultimately realized may vary from net book value and such variance may be material. Exceptions to this include cash in financial accounts. Certain other assets, such as investments in subsidiaries, may be listed at undetermined amounts as the net book values may materially differ from fair market values. Attempts to obtain current market valuations of assets would be prohibitively expensive, unduly burdensome and an inefficient use of estate assets and, as a result, have not been attempted in connection with the preparation of the Schedules and Statements.

<u>Excluded Assets and Liabilities</u>. The Debtors may have excluded certain categories of assets and liabilities from the Schedules and Statements, such as goodwill and deferred gains. Other immaterial assets and liabilities may also have been excluded.

<u>Foreign Currency</u>. Unless otherwise indicated, all amounts are reflected in U.S. dollars. Transactions denominated in foreign currency have been converted to U.S. dollars as of the applicable date of the transaction.

<u>Insiders</u>. The Debtors have included all payments made over the 12 months preceding the Petition Date to any individual deemed an "insider." Insiders are defined as individuals who served as either officers or directors of any of the Debtors in the 12 months immediately preceding the commencement of the Chapter 11 Cases.

<u>Totals</u>. All totals that are included in the Schedules and Statements represent totals of all the known amounts included in the tables.

RLF1 3754667v. 1

## Global Notes Specific to Various Statement Questions / Schedules

<u>Statement Question 1</u>. The Debtors' responses to Statement Question 1 are provided in fiscal year periods -- specifically, September 29, 2008 through September 27, 2009 for Fiscal Year 2009; September 28, 2009 through September 26, 2010 for Fiscal Year 2010; and September 27, 2010 through October 24, 2010 for Year-to-Date Fiscal Year 2011.

<u>Statement Question 2</u>. The Debtors' responses to Statement Question 2 are provided in fiscal year periods -- specifically, September 29, 2008 through September 27, 2009 for Fiscal Year 2009; September 28, 2009 through September 26, 2010 for Fiscal Year 2010; and September 27, 2010 through October 24, 2010 for Year-to-Date Fiscal Year 2011.

<u>Statement Questions 3(b), 3(c), 7 and 9</u>. To the extent payments are made in respect of a particular Debtor but are not listed in such Debtor's responses to Statement Questions 3(b), 3(c), 7 and/or 9, such payments are listed in response to Statement Questions 3(b), 3(c), 7 and/or 9 in Debtor Charlie Brown's Acquisition Corp.'s Statements because Debtor Charlie Brown's Acquisition Corp. makes payments on behalf of the Debtors.

<u>Statement Question 10</u>. The Debtors closed certain restaurants prior to November 17, 2010. In connection with these closings, certain assets were either sold or abandoned. These assets are of *de minimis* value and are not included in the Debtors' responses to Statement Question 10.

<u>Statement Question 13</u>. The Debtors have attempted to provide data on all known setoffs. However, in certain circumstances, a creditor may have engaged in a setoff without the Debtors' knowledge. To the extent this is the case, such setoffs are not included in the Debtors' responses to Statement Question 13.

<u>Statement Question 14</u>. Any property held by a Debtor pursuant to a lease listed on such Debtor's Schedule G is not included in such Debtor's response to Statement Question 14.

<u>Statement Question 21</u>. In the context of Statement Question 21, it should be noted that Gary Lembo was appointed Chief Restructuring Officer on November 17, 2010, immediately before the filing of the Debtors' chapter 11 cases.

<u>Schedule A</u>. Schedule A reflects real property interests of the Debtors as of October 24, 2010.

<u>Schedule B</u>. Schedule B reflects personal property of the Debtors as of October 24, 2010.

<u>Schedules E and F</u>. Certain claims not listed against a particular Debtor on such Debtor's Schedule E and/or F are listed on Charlie Brown's Acquisition Corp.'s Schedule E and/or F because Charlie Brown's Acquisition Corp. makes payments on behalf of the Debtors.

RLF1 3754667v. 1

# United States Bankruptcy Court
## District of Delaware

In re    **Charlie Brown's of East Windsor, LLC**

                      Debtor

Case No.    **10-13717**

Chapter        **11**

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 0.00 | | |
| B - Personal Property | Yes | 3 | 1,408,983.00 | | |
| C - Property Claimed as Exempt | No | 0 | | | |
| D - Creditors Holding Secured Claims | Yes | 4 | | 115,013,649.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 1 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 1 | | 0.00 | |
| G - Executory Contracts and Unexpired Leases | Yes | 4 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | No | 0 | | | N/A |
| J - Current Expenditures of Individual Debtor(s) | No | 0 | | | N/A |
| Total Number of Sheets of ALL Schedules | | 15 | | | |
| Total Assets | | | 1,408,983.00 | | |
| Total Liabilities | | | | 115,013,649.00 | |

In re   **Charlie Brown's of East Windsor, LLC**                          ,       Case No.    **10-13717**

Debtor

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **None** | | | | |

| | | |
|---|---|---|
| Sub-Total > | **0.00** | (Total of this page) |
| Total > | **0.00** | |

__0__  continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

In re   **Charlie Brown's of East Windsor, LLC**                 Case No.    **10-13717**

                                          Debtor

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1.  Cash on hand | | **Cash** | - | 1,200.00 |
| 2.  Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | X | | | |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5.  Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6.  Wearing apparel. | X | | | |
| 7.  Furs and jewelry. | X | | | |
| 8.  Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9.  Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |

|  | Sub-Total > | 1,200.00 |
|---|---|---|
|  | (Total of this page) | |

  **2**   continuation sheets attached to the Schedule of Personal Property

In re   **Charlie Brown's of East Windsor, LLC**                    Case No. _____10-13717_____
_____,
                              Debtor

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |

                                                              Sub-Total >           **0.00**
                                                            (Total of this page)

Sheet __1__ of __2__ continuation sheets attached
to the Schedule of Personal Property

In re    **Charlie Brown's of East Windsor, LLC**                                    Case No. ___**10-13717**___

_____,
                              Debtor

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | | **Liquor License** | - | 280,000.00 |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | | **Fixed Assets** | - | 1,113,778.00 |
| 30. Inventory. | | **Inventory** | - | 14,005.00 |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

|  | |
|---|---|
| Sub-Total > (Total of this page) | 1,407,783.00 |
| Total > | 1,408,983.00 |

(Report also on Summary of Schedules)

Sheet __2__ of __2__ continuation sheets attached
to the Schedule of Personal Property

In re **Charlie Brown's of East Windsor, LLC**        Case No. **10-13717**

Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | Codebtor | Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | Contingent | Unliquidated | Disputed | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. | | | common law lien | | | | | |
| **Ableco Finance, LLC** **299 Park Avenue** **New York, NY 10171** | | - | **Term loan** | | | | | |
| | | | Value $ 0.00 | | | | 51,327,069.00 | 51,327,069.00 |
| Account No. | | | common law lien | | | | | |
| **Archer Capital Fund** **570 Lexington Avenue, 40th Floor** **New York, NY 10022** | | - | **Senior Subordinated Notes** | | | | | |
| | | | Value $ 0.00 | | | | 1,789,720.00 | 1,789,720.00 |
| Account No. | | | common law lien | | | | | |
| **Camofi/Camhzn Master LDC.** **c/o Centercourt Asset Management LLC** **350 Madison Avenue** **New York, NY 10017** | | - | **Senior Subordinated Notes** | | | | | |
| | | | Value $ 0.00 | | | | 3,579,440.00 | 3,579,440.00 |
| Account No. | | | common law lien | | | | | |
| **CIBC Employee Private Equity Fund Partne** **1325 Avenue of the Americas, 34th Floor** **New York, NY 10019** | | - | **Senior Subordinated Notes** | | | | | |
| | | | Value $ 0.00 | | | | 6,949,607.00 | 6,949,607.00 |
| **3** continuation sheets attached | | | Subtotal (Total of this page) | | | | 63,645,836.00 | 63,645,836.00 |

In re   **Charlie Brown's of East Windsor, LLC**         Case No.   **10-13717**

                                   Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | HWJC Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. | | | common law lien | | | | | |
| CIBC MB, Inc 1325 Avenue of the Americas, 34th Floor New York, NY 10019 | - | | Senior Subordinated Notes | | | | | |
| | | | Value $      0.00 | | | | 7,581,813.00 | 7,581,813.00 |
| Account No. | | | common law lien | | | | | |
| GMAC Commercial Finance, LLC 1290 Avenue of the Americas New York, NY 10104 | - | | Term loan | | | | | |
| | | | Value $      0.00 | | | | 6,034,973.00 | 6,034,973.00 |
| Account No. | | | common law lien | | | | | |
| GMAC Commercial Finance, LLC 1290 Avenue of the Americas New York, NY 10104 | - | | Revolver loan | | | | | |
| | | | Value $      0.00 | | | | 3,454,554.00 | 3,454,554.00 |
| Account No. | | | common law lien | | | | | |
| Kohlberg Capital Corp. 295 Madison Avenue - 6th Floor New York, NY 10017 | - | | Senior Subordinated Notes | | | | | |
| | | | Value $      0.00 | | | | 7,158,881.00 | 7,158,881.00 |
| Account No. | | | common law lien | | | | | |
| Raven Credit Opp Master Fund Ltd. 195 Maplewood Avenue Maplewood, NJ 07040 | - | | Senior Subordinated Notes | | | | | |
| | | | Value $      0.00 | | | | 1,789,720.00 | 1,789,720.00 |

Sheet  **1**  of  **3**  continuation sheets attached to
Schedule of Creditors Holding Secured Claims

Subtotal
(Total of this page)     26,019,941.00     26,019,941.00

In re    **Charlie Brown's of East Windsor, LLC**                    Case No. __10-13717__

_____
Debtor

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|---|
| | | H | W J | C | | | | | | |
| Account No. | | | | | common law lien | | | | | |
| | | | | | | | | | | |
| Trimaran Capital LLC 1325 Avenue of the Americas, 34th Floor New York, NY 10019 | - | | | | Senior Subordinated Notes | | | | | |
| | | | | | Value $           0.00 | | | | 689,126.00 | 689,126.00 |
| Account No. | | | | | common law lien | | | | | |
| | | | | | | | | | | |
| Trimaran Fund II, LLC 1325 Avenue of the Americas, 34th Floor New York, NY 10019 | - | | | | Senior Subordinated Notes | | | | | |
| | | | | | Value $           0.00 | | | | 10,672,840.00 | 10,672,840.00 |
| Account No. | | | | | common law lien | | | | | |
| | | | | | | | | | | |
| Trimaran Parallel Fund II, LP 1325 Avenue of the Americas, 34th Floor New York, NY 10019 | - | | | | Senior Subordinated Notes | | | | | |
| | | | | | Value $           0.00 | | | | 4,493,571.00 | 4,493,571.00 |
| Account No. | | | | | common law lien | | | | | |
| | | | | | | | | | | |
| Wells Fargo Foothill, Inc. 2450 Colorado Avenue Suite 3000 West Santa Monica, CA 90404 | - | | | | Term loan | | | | | |
| | | | | | Value $           0.00 | | | | 6,034,973.00 | 6,034,973.00 |
| Account No. | | | | | common law lien | | | | | |
| | | | | | | | | | | |
| Wells Fargo Foothill, Inc. 2450 Colorado Avenue Suite 3000 West Santa Monica, CA 90404 | - | | | | Revolver loan | | | | | |
| | | | | | Value $           0.00 | | | | 3,454,554.00 | 3,454,554.00 |

Sheet __2__ of __3__ continuation sheets attached to
Schedule of Creditors Holding Secured Claims

Subtotal
(Total of this page)          **25,345,064.00**          **25,345,064.00**

In re    **Charlie Brown's of East Windsor, LLC**        Case No. **10-13717**

_____

Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | HWJC Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. | | | common law lien | | | | | |
| Wells Fargo Foothill, Inc. 2450 Colorado Avenue Suite 3000 West Santa Monica, CA 90404 | - | | Standby Letter of Credit | | | | | |
| | | | Value $      0.00 | | | | 2,808.00 | 2,808.00 |
| Account No. | | | | | | | | |
| | | | | | | | | |
| | | | Value $ | | | | | |
| Account No. | | | | | | | | |
| | | | | | | | | |
| | | | Value $ | | | | | |
| Account No. | | | | | | | | |
| | | | | | | | | |
| | | | Value $ | | | | | |
| Account No. | | | | | | | | |
| | | | | | | | | |
| | | | Value $ | | | | | |

Sheet **3** of **3** continuation sheets attached to
Schedule of Creditors Holding Secured Claims

| | Subtotal (Total of this page) | 2,808.00 | 2,808.00 |
|---|---|---|---|
| | Total (Report on Summary of Schedules) | 115,013,649.00 | 115,013,649.00 |

In re    **Charlie Brown's of East Windsor, LLC**                Case No.    **10-13717**

                                   Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

    A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

    The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

    If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

    Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

    Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

    Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

■ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

    Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

    Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

    Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,950* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

    Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

    Claims of certain farmers and fishermen, up to $5,400* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

    Claims of individuals up to $2,425* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and certain other debts owed to governmental units**

    Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

    Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

    Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

\* Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

                      **0**    continuation sheets attached

In re   **Charlie Brown's of East Windsor, LLC**                                    Case No. ___**10-13717**___
                                                                                   ,
                                                    Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

■   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H | W J | C | | | | |
| Account No. | | | | | | | | |
| | | | | | | | | |
| Account No. | | | | | | | | |
| | | | | | | | | |
| Account No. | | | | | | | | |
| | | | | | | | | |
| Account No. | | | | | | | | |
| | | | | | | | | |

| | | |
|---|---|---|
| __0__   continuation sheets attached | Subtotal (Total of this page) | |
| | Total (Report on Summary of Schedules) | **0.00** |

B6G (Official Form 6G) (12/07)

In re    **Charlie Brown's of East Windsor, LLC**          Case No.    __10-13717__

                                                  Debtor

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code,<br>of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest.<br>State whether lease is for nonresidential real property.<br>State contract number of any government contract. |
|---|---|
| **Ableco Finance, LLC**<br>**c/o Wells Fargo Foothill, Inc. as Administrative A**<br>**2450 Colorado Avenue, Suite 3000 West**<br>**Santa Monica, CA 90404** | **Financing Agreement** |
| **Ableco Finance, LLC**<br>**c/o Wells Fargo Foothill, Inc. as Administrative A**<br>**2450 Colorado Avenue, Suite 3000 West**<br>**Santa Monica, CA 90404** | **Second Amendment to Financing Agreement** |
| **Ableco Finance, LLC as Senior Collateral**<br>**299 Park Avenue, 22nd Floor**<br>**New York, NY 10171** | **Amended and Restated Intercompany**<br>**Subordination Agreement** |
| **Allen Berstein**<br>**c/o David Gruber, Esq., Salamon, Gruber,**<br>**Newman &**<br>**97 Powerhouse Road, Suite 102**<br>**Roslyn Heights, NY 11577** | **Amended and Restated Allen Bernstein**<br>**Subordination Agreement** |
| **Archer Capital Fund, LP**<br>**570 Lexington Avenue, 40th Floor**<br>**New York, NY 10022** | **Second Amendment, Waiver and Consent to Note**<br>**Purchase Agreements - Archer** |
| **Archer Capital Fund, LP**<br>**c/o Wilmington Trust Company as Collateral**<br>**Agent**<br>**591 Broadway, 2nd Floor**<br>**New York, NY 10012** | **Amended and Restated Intercreditor and**<br>**Subordination Agreement** |
| **CAMHZN Master LDC**<br>**c/o Centercourt Asset Management LLC**<br>**350 Madison Avenue**<br>**New York, NY 10017** | **Second Amendment, Waiver and Consent to Note**<br>**Purchase Agreements - CAMHZN Master LDC** |
| **CAMHZN Master LDC**<br>**c/o Wilmington Trust Company as Collateral**<br>**Agent**<br>**591 Broadway, 2nd Floor**<br>**New York, NY 10012** | **Amended and Restated Intercreditor and**<br>**Subordination Agreement** |
| **CAMOFI Master LDC**<br>**c/o Centercourt Asset Management LLC**<br>**350 Madison Avenue**<br>**New York, NY 10017** | **Second Amendment, Waiver and Consent to Note**<br>**Purchase Agreements - CAMOFI Master LDC** |

**3**

_____ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com                  Best Case Bankruptcy

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES
(Continuation Sheet)

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| CAMOFI Master LDC<br>c/o Wilmington Trust Company as Collateral Agent<br>591 Broadway, 2nd Floor<br>New York, NY 10012 | Amended and Restated Intercreditor and Subordination Agreement |
| CIBC Capital Corp.<br>c/o Trimaran Fund Management, LLC<br>1325 Avenue of the Americas, 34th Floor<br>New York, NY 10019 | Second Lien Note - CIBC Capital |
| CIBC Capital Corp.<br>c/o Trimaran Fund Management, LLC<br>1325 Avenue of the Americas, 34th Floor<br>New York, NY 10019 | Second Lien Note - Purchase Agreement |
| CIBC Capital Corp.<br>c/o Wilmington Trust Company as Collateral Agent<br>591 Broadway, 2nd Floor<br>New York, NY 10012 | Second Lien Pledge and Security Agreement |
| CIBC Employee Private Equity Fund (Trima<br>c/o Trimaran Fund Management, LLC<br>1325 Avenue of the Americas, 34th Floor<br>New York, NY 10019 | Second Lien Note - CIBC Employee |
| CIBC Employee Private Equity Fund (Trima<br>c/o Trimaran Fund Management, LLC<br>1325 Avenue of the Americas, 34th Floor<br>New York, NY 10019 | Second Lien Note - Purchase Agreement |
| CIBC Employee Private Equity Fund (Trima<br>c/o Wilmington Trust Company as Collateral Agent<br>591 Broadway, 2nd Floor<br>New York, NY 10012 | Second Lien Pledge and Security Agreement |
| East Windsor Village, LLC<br>3333 New Hyde Park Road,<br>Suite 100, PO Box 5020<br>New Hyde Park, NY 11042-0020 | Store Lease |
| Kohlberg Capital Corporation<br>295 Madison Avenue - 6th Floor<br>New York, NY 10017 | Second Amendment, Waiver and Consent to Note Purchase Agreements - Kohlberg |
| Kohlberg Capital Corporation<br>c/o Wilmington Trust Company as Collateral Agent<br>591 Broadway, 2nd Floor<br>New York, NY 10012 | Amended and Restated Intercreditor and Subordination Agreement |

Sheet  **1**  of  **3**  continuation sheets attached to the Schedule of Executory Contracts and Unexpired Leases

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES
(Continuation Sheet)

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| **Raven Credit Opportunities Master Fund,**<br>**195 Maplewood Avenue**<br>**Maplewood, NJ 07040** | **Second Amendment, Waiver and Consent to Note Purchase Agreements - Raven** |
| **Raven Credit Opportunities Master Fund,**<br>**c/o Wilmington Trust Company as Collateral Agent**<br>**591 Broadway, 2nd Floor**<br>**New York, NY 10012** | **Amended and Restated Intercreditor and Subordination Agreement** |
| **Tom Baldwin**<br>**214 Old Norwalk Road**<br>**New Canaan, CT 06840** | **Amended and Restated Tom Baldwin Subordination Agreement** |
| **Trimaran Capital, LLC**<br>**c/o Trimaran Fund Management, LLC**<br>**1325 Avenue of the Americas, 34th Floor**<br>**New York, NY 10019** | **Second Lien Note - Purchase Agreement** |
| **Trimaran Capital, LLC**<br>**c/o Wilmington Trust Company as Collateral Agent**<br>**591 Broadway, 2nd Floor**<br>**New York, NY 10012** | **Second Lien Pledge and Security Agreement** |
| **Trimaran Fund II, LLC**<br>**c/o Trimaran Fund Management, LLC**<br>**1325 Avenue of the Americas, 34th Floor**<br>**New York, NY 10019** | **Second Lien Note - Purchase Agreement** |
| **Trimaran Fund II, LLC**<br>**c/o Wilmington Trust Company as Collateral Agent**<br>**591 Broadway, 2nd Floor**<br>**New York, NY 10012** | **Second Lien Pledge and Security Agreement** |
| **Trimaran Fund Management, LLC**<br>**c/o Ableco Finance, LLC as Senior Collateral Agent**<br>**299 Park Avenue, 22nd Floor**<br>**New York, NY 10171** | **Amended and Restated Trimaran Fund Management, LLC Subordination Agreement** |
| **Trimaran Parallel Fund II, LLC**<br>**c/o Trimaran Fund Management, LLC**<br>**1325 Avenue of the Americas, 34th Floor**<br>**New York, NY 10019** | **Second Lien Note - Purchase Agreement** |
| **Trimaran Parallel Fund II, LLC**<br>**c/o Wilmington Trust Company as Collateral Agent**<br>**591 Broadway, 2nd Floor**<br>**New York, NY 10012** | **Second Lien Pledge and Security Agreement** |

Sheet  **2**  of  **3**  continuation sheets attached to the Schedule of Executory Contracts and Unexpired Leases

In re __Charlie Brown's of East Windsor, LLC__ ,       Case No. __10-13717__

                                Debtor

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES
(Continuation Sheet)

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
| --- | --- |
| **Wilmington Trust Company as Second Lien**<br>**591 Broadway, 2nd Floor**<br>**New York, NY 10012** | **Amended and Restated Intercompany**<br>**Subordination Agreement** |

Sheet __3__ of __3__ continuation sheets attached to the Schedule of Executory Contracts and Unexpired Leases

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com          Best Case Bankruptcy

In re   **Charlie Brown's of East Windsor, LLC**              ,     Case No.    **10-13717**

                                    Debtor

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **Charlie Brown's Acquisition Corp.**<br>**1450 Route 22 West**<br>**Mountainside, NJ 07092** | **East Windsor Village, LLC**<br>**3333 New Hyde Park Road,**<br>**Suite 100, PO Box 5020**<br>**New Hyde Park, NY 11042-0020** |
| **See exhibit Schedule H**<br>  **See exhibit Schedule H**<br>**for additional co-debtors** | |

**0**

_____ continuation sheets attached to Schedule of Codebtors

B6 Declaration (Official Form 6 - Declaration). (12/07)

# United States Bankruptcy Court
## District of Delaware

In re    **Charlie Brown's of East Windsor, LLC**                    Case No.    **10-13717**
                                     Debtor(s)               Chapter     **11**

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the    of the corporation named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ___ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date     _1/6/11_                Signature   *Edmund Schwartz*

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

**Exhibit Schedule H - Codebtors**

| | Filed Entity | Address |
|---|---|---|
| 1 | 1820 Central Park Avenue Restaurant Corp. | 1450 US Highway 22 # 4, Mountainside, NJ. 07092-2619 |
| 2 | Bugaboo Creek Acquisition, LLC | 1450 US Highway 22 # 4, Mountainside, NJ. 07092-2619 |
| 3 | Bugaboo Creek Holdings, Inc. | 1450 US Highway 22 # 4, Mountainside, NJ. 07092-2619 |
| 4 | Bugaboo Creek of Seekonk, Inc. | 1450 US Highway 22 # 4, Mountainside, NJ. 07092-2619 |
| 5 | CB Holding Corp. | 1450 US Highway 22 # 4, Mountainside, NJ. 07092-2619 |
| 6 | CB VII, Inc. | 1450 US Highway 22 # 4, Mountainside, NJ. 07092-2619 |
| 7 | CB VIII, Inc. | 1450 US Highway 22 # 4, Mountainside, NJ. 07092-2619 |
| 8 | Charlie Brown North | 1450 US Highway 22 # 4, Mountainside, NJ. 07092-2619 |
| 9 | Charlie Brown's 1981, Inc. | 1450 US Highway 22 # 4, Mountainside, NJ. 07092-2619 |
| 10 | Charlie Brown's Acquisition Corp. | 1450 US Highway 22 # 4, Mountainside, NJ. 07092-2619 |
| 11 | Charlie Brown's at Clifton, Inc. | 1450 US Highway 22 # 4, Mountainside, NJ. 07092-2619 |
| 12 | Charlie Brown's Mark Corp. | 1450 US Highway 22 # 4, Mountainside, NJ. 07092-2619 |
| 13 | Charlie Brown's Montclair, Inc. | 1450 US Highway 22 # 4, Mountainside, NJ. 07092-2619 |
| 14 | Charlie Brown's of Allentown, L.L.C. | 1450 US Highway 22 # 4, Mountainside, NJ. 07092-2619 |
| 15 | Charlie Brown's of Alpha, Inc. | 1450 US Highway 22 # 4, Mountainside, NJ. 07092-2619 |
| 16 | Charlie Brown's of Berwyn, LLC | 1450 US Highway 22 # 4, Mountainside, NJ. 07092-2619 |
| 17 | Charlie Brown's of Blackwood, L.L.C. | 1450 US Highway 22 # 4, Mountainside, NJ. 07092-2619 |
| 18 | Charlie Brown's of Bloomsburg, LLC | 1450 US Highway 22 # 4, Mountainside, NJ. 07092-2619 |
| 19 | Charlie Brown's of Brielle, Inc. | 1450 US Highway 22 # 4, Mountainside, NJ. 07092-2619 |
| 20 | Charlie Brown's of Carlstadt, Inc. | 1450 US Highway 22 # 4, Mountainside, NJ. 07092-2619 |
| 21 | Charlie Brown's of Chatham, Inc. | 1450 US Highway 22 # 4, Mountainside, NJ. 07092-2619 |
| 22 | Charlie Brown's of Commack LLC | 1450 US Highway 22 # 4, Mountainside, NJ. 07092-2619 |
| 23 | Charlie Brown's of Denville, Inc. | 1450 US Highway 22 # 4, Mountainside, NJ. 07092-2619 |
| 24 | Charlie Brown's of East Windsor, LLC | 1450 US Highway 22 # 4, Mountainside, NJ. 07092-2619 |
| 25 | Charlie Brown's of Edison, Inc. | 1450 US Highway 22 # 4, Mountainside, NJ. 07092-2619 |
| 26 | Charlie Brown's of Egg Harbor Twp, LLC | 1450 US Highway 22 # 4, Mountainside, NJ. 07092-2619 |
| 27 | Charlie Brown's of Franklin, LLC | 1450 US Highway 22 # 4, Mountainside, NJ. 07092-2619 |
| 28 | Charlie Brown's of Garden City, LLC | 1450 US Highway 22 # 4, Mountainside, NJ. 07092-2619 |
| 29 | Charlie Brown's of Hackettstown, L.L.C. | 1450 US Highway 22 # 4, Mountainside, NJ. 07092-2619 |
| 30 | Charlie Brown's of Harrisburg, LLC | 1450 US Highway 22 # 4, Mountainside, NJ. 07092-2619 |
| 31 | Charlie Brown's of Hillsborough, Inc. | 1450 US Highway 22 # 4, Mountainside, NJ. 07092-2619 |
| 32 | Charlie Brown's of Holtsville, LLC | 1450 US Highway 22 # 4, Mountainside, NJ. 07092-2619 |
| 33 | Charlie Brown's of Jackson, LLC | 1450 US Highway 22 # 4, Mountainside, NJ. 07092-2619 |
| 34 | Charlie Brown's of Lacey, L.L.C. | 1450 US Highway 22 # 4, Mountainside, NJ. 07092-2619 |
| 35 | Charlie Brown's of Lakewood, Inc. | 1450 US Highway 22 # 4, Mountainside, NJ. 07092-2619 |
| 36 | Charlie Brown's of Langhorne, LLC | 1450 US Highway 22 # 4, Mountainside, NJ. 07092-2619 |
| 37 | Charlie Brown's of Lynbrook, LLC | 1450 US Highway 22 # 4, Mountainside, NJ. 07092-2619 |
| 38 | Charlie Brown's of Maple Shade, Inc. | 1450 US Highway 22 # 4, Mountainside, NJ. 07092-2619 |
| 39 | Charlie Brown's of Matawan, Inc. | 1450 US Highway 22 # 4, Mountainside, NJ. 07092-2619 |
| 40 | Charlie Brown's of Middletown LLC | 1450 US Highway 22 # 4, Mountainside, NJ. 07092-2619 |
| 41 | Charlie Brown's of Oradell, Inc. | 1450 US Highway 22 # 4, Mountainside, NJ. 07092-2619 |
| 42 | Charlie Brown's of Pennsylvania, Inc. | 1450 US Highway 22 # 4, Mountainside, NJ. 07092-2619 |
| 43 | Charlie Brown's of Piscataway, LLC | 1450 US Highway 22 # 4, Mountainside, NJ. 07092-2619 |
| 44 | Charlie Brown's of Reading, LLC | 1450 US Highway 22 # 4, Mountainside, NJ. 07092-2619 |
| 45 | Charlie Brown's of Scranton, LLC | 1450 US Highway 22 # 4, Mountainside, NJ. 07092-2619 |
| 46 | Charlie Brown's of Selinsgrove, LLC | 1450 US Highway 22 # 4, Mountainside, NJ. 07092-2619 |
| 47 | Charlie Brown's of Springfield, LLC | 1450 US Highway 22 # 4, Mountainside, NJ. 07092-2619 |
| 48 | Charlie Brown's of Staten Island, LLC | 1450 US Highway 22 # 4, Mountainside, NJ. 07092-2619 |
| 49 | Charlie Brown's of Tinton Falls, Inc. | 1450 US Highway 22 # 4, Mountainside, NJ. 07092-2619 |
| 50 | Charlie Brown's of Toms River, LLC | 1450 US Highway 22 # 4, Mountainside, NJ. 07092-2619 |
| 51 | Charlie Brown's of Trexlertown, LLC | 1450 US Highway 22 # 4, Mountainside, NJ. 07092-2619 |
| 52 | Charlie Brown's of Union Township, Inc. | 1450 US Highway 22 # 4, Mountainside, NJ. 07092-2619 |
| 53 | Charlie Brown's of Wayne, Inc. | 1450 US Highway 22 # 4, Mountainside, NJ. 07092-2619 |
| 54 | Charlie Brown's of West Windsor, Inc. | 1450 US Highway 22 # 4, Mountainside, NJ. 07092-2619 |
| 55 | Charlie Brown's of Williamsport, Inc. | 1450 US Highway 22 # 4, Mountainside, NJ. 07092-2619 |
| 56 | Charlie Brown's of Woodbury, Inc. | 1450 US Highway 22 # 4, Mountainside, NJ. 07092-2619 |
| 57 | Charlie Brown's of York, LLC | 1450 US Highway 22 # 4, Mountainside, NJ. 07092-2619 |
| 58 | Charlie Brown's of Yorktown, LLC | 1450 US Highway 22 # 4, Mountainside, NJ. 07092-2619 |
| 59 | Charlie Brown's Restaurant Corp. | 1450 US Highway 22 # 4, Mountainside, NJ. 07092-2619 |
| 60 | Charlie Brown's Steakhouse Fishkill, Inc. | 1450 US Highway 22 # 4, Mountainside, NJ. 07092-2619 |
| 61 | Charlie Brown's Steakhouse Woodbridge, Inc. | 1450 US Highway 22 # 4, Mountainside, NJ. 07092-2619 |
| 62 | Charlie Brown's, Inc. | 1450 US Highway 22 # 4, Mountainside, NJ. 07092-2619 |
| 63 | Jonathan Seagull Property Corp. | 1450 US Highway 22 # 4, Mountainside, NJ. 07092-2619 |
| 64 | Jonathan Seagull, Inc. | 1450 US Highway 22 # 4, Mountainside, NJ. 07092-2619 |
| 65 | The Office at Bridgewater, Inc. | 1450 US Highway 22 # 4, Mountainside, NJ. 07092-2619 |
| 66 | The Office at Cranford, Inc. | 1450 US Highway 22 # 4, Mountainside, NJ. 07092-2619 |
| 67 | The Office at Keyport, Inc. | 1450 US Highway 22 # 4, Mountainside, NJ. 07092-2619 |
| 68 | The Office at Montclair, Inc. | 1450 US Highway 22 # 4, Mountainside, NJ. 07092-2619 |
| 69 | The Office at Morristown, Inc. | 1450 US Highway 22 # 4, Mountainside, NJ. 07092-2619 |
| 70 | The Office at Ridgewood, Inc. | 1450 US Highway 22 # 4, Mountainside, NJ. 07092-2619 |
| 71 | The Office at Summit, Inc. | 1450 US Highway 22 # 4, Mountainside, NJ. 07092-2619 |
| 72 | What's Your Beef V, Inc. | 1450 US Highway 22 # 4, Mountainside, NJ. 07092-2619 |