# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CB HOLDING CORP., et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 10-13683 (MFW)<br><br>Jointly Administered<br><br>[Docket Nos. 213 & 232] |

## DECLARATION OF DAVID ABELL
## IN SUPPORT OF DEBTORS' MOTION FOR ORDERS:

---

[1] The other Debtors, and the last four digits of each of their tax identification numbers, are: 1820 Central Park Avenue Restaurant Corp. (5151); Bugaboo Creek Acquisition, LLC (4629); Bugaboo Creek Holdings, Inc. (0966); Bugaboo Creek of Seekonk, Inc. (1669); CB Holding Corp. (8640); CB VII, Inc. (9120); CB VIII, Inc. (1468); Charlie Brown North (6721); Charlie Brown's Acquisition Corp. (8367); Charlie Brown's at Clifton, Inc. (7309); Charlie Brown's Mark Corp. (3569); Charlie Brown's Montclair, Inc. (4223); Charlie Brown's 1981, Inc. (7781); Charlie Brown's of Allentown, L.L.C. (8420); Charlie Brown's of Alpha, Inc. (9083); Charlie Brown's of Berwyn, LLC (3347); Charlie Brown's of Blackwood, L.L.C. (5698); Charlie Brown's of Bloomsburg, LLC (3326); Charlie Brown's of Brielle, Inc. (8115); Charlie Brown's of Carlstadt, Inc. (6936); Charlie Brown's of Chatham, Inc. (2452); Charlie Brown's of Commack LLC (4851); Charlie Brown's of Denville, Inc. (1422); Charlie Brown's of East Windsor, LLC (2747); Charlie Brown's of Edison, Inc. (8519); Charlie Brown's of Egg Harbor Twp, LLC (none); Charlie Brown's of Franklin, LLC (5232); Charlie Brown's of Garden City, LLC (7440); Charlie Brown's of Hackettstown, L.L.C. (7493); Charlie Brown's of Harrisburg, LLC (1085); Charlie Brown's of Hillsborough, Inc. (0344); Charlie Brown's of Holtsville, LLC (0138); Charlie Brown's of Jackson, LLC (3478); Charlie Brown's of Lacey, L.L.C. (6282); Charlie Brown's of Lakewood, Inc. (0156); Charlie Brown's of Langhorne, LLC (3392); Charlie Brown's of Lynbrook LLC (2772); Charlie Brown's of Maple Shade, Inc. (0404); Charlie Brown's of Matawan, Inc. (8337); Charlie Brown's of Middletown LLC (7565); Charlie Brown's of Oradell, Inc. (0348); Charlie Brown's of Pennsylvania, Inc. (6918); Charlie Brown's of Piscataway, LLC (8285); Charlie Brown's of Reading, LLC (1214); Charlie Brown's of Scranton, LLC (9817); Charlie Brown's of Selinsgrove, LLC (6492); Charlie Brown's of Springfield, LLC (9892); Charlie Brown's of Staten Island, LLC (1936); Charlie Brown's of Tinton Falls, Inc. (6981); Charlie Brown's of Toms River, LLC (5492); Charlie Brown's of Union Township, Inc. (8910); Charlie Brown's of Trexlertown, LLC (6582); Charlie Brown's of Wayne, Inc. (4757); Charlie Brown's of West Windsor, Inc. (0159); Charlie Brown's of Williamsport LLC (8218); Charlie Brown's of Woodbury, Inc. (0601); Charlie Brown's of York, LLC (0980); Charlie Brown's of Yorktown, LLC (7855); Charlie Brown's Restaurant Corp. (7782); Charlie Brown's Steakhouse Fishkill, Inc. (9139); Charlie Brown's Steakhouse Woodbridge, Inc. (1906); Charlie Brown's, Inc. (4776); Jonathan Seagull Property Corp. (7248); Jonathan Seagull, Inc. (9160); The Office at Bridgewater, Inc. (3132); The Office at Cranford, Inc. (3131); The Office at Keyport, Inc. (1507); The Office at Montclair, Inc. (3128); The Office at Morristown, Inc. (3127); The Office at Ridgewood, Inc. (2949); The Office at Summit, Inc. (3126); and What's Your Beef V, Inc (4719). The Debtors' address is 1450 Route 22 West, Mountainside, NJ 07092.

**(I)(1) APPROVING FORM OF "STALKING HORSE" ASSET PURCHASE AGREEMENT WITH VILLA ENTERPRISES LTD., LLC, FOR SALE OF SUBSTANTIALLY ALL ASSETS COMPRISING THE OFFICE BEER BAR & GRILL AND ASSUMPTION AND ASSIGNMENT OF CERTAIN RELATED EXECUTORY CONTRACTS AND UNEXPIRED LEASES; (2) APPROVING SALE PROCEDURES AND FORM, MANNER, AND SUFFICIENCY OF NOTICE; AND (3) SCHEDULING AN AUCTION SALE AND A HEARING TO CONSIDER APPROVING HIGHEST AND BEST OFFER; (II) AUTHORIZING THE SALE OF SUCH ASSETS, FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (III) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH SUCH SALE; (IV) AUTHORIZING THE DEBTORS TO CONSUMMATE ALL TRANSACTIONS RELATED TO THE ABOVE; AND (V) GRANTING OTHER RELIEF**

David Abell declares, under penalty of perjury, pursuant to 28 U.S.C. § 1746, as follows:

1. I am David Abell of Raymond James & Associates, Inc. ("Raymond James"), with my principal office located at 277 Park Avenue, 4th Floor, New York, New York 10022, and I am duly authorized to make this declaration on behalf of Raymond James. I am a Senior Vice-President and am in charge of Raymond James's representation of the Debtors.

2. On November 18, 2010 (the "Petition Date"), the Debtors filed with this Court separate, voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. On January 10, 2011 this Court entered an order, pursuant to Bankruptcy Code §§ 327 and 328, authorizing the retention and employment of Raymond James as investment banker to the Debtors.

3. I submit this declaration in support of the Debtors' motion (the "Motion")[2] [Docket No. 213], pursuant to Bankruptcy Code §§ 105(a), 363, and 365, Bankruptcy Rules 2002, 6004, 6006, and 9014, and Local Rule 6004-1, (1) authorizing and approving the Agreement with the Proposed Buyer or such other purchaser providing a higher or otherwise better offer for the Assets, as approved by this Court at the Sale Hearing; (2) authorizing the Sale free and clear of all liens, claims, encumbrances, and other interests; (3) authorizing the assumption and assignment of the Assumed Agreements in connection with the Sale; and (4) authorizing the Debtors to consummate all transactions related to the above.

4. I and my colleagues at Raymond James, have been deeply involved in structuring the Sale and the amount and terms of the consideration to be provided by the Proposed Buyer or any other party submitting a higher or better offer.

5. Since early September 2010, the Debtors, with the assistance of Raymond James and the Debtors' restructuring advisors have engaged in an extensive campaign to market the Assets and the Business. Specifically, the Debtors and their advisors (i) generated a list of well in excess of 200 possible purchasers/investors, contacted those parties to determine their interest level, and sent such interested parties an information package on the Business, (ii) negotiated and arranged for the execution of confidentiality agreements with several of such parties, (iii) participated in multiple management conference calls and presentations to several such parties, (iv) provided access to additional diligence materials to several such parties upon request, including access to an on-line data room, (v)

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

3

provided facility and other tours to several of such parties, and (vi) responded to questions and additional due diligence requests.

6. In December 2010, the Debtors, with assistance from Raymond James actively negotiated a stalking horse bid for the Business. This bidding process was competitive and resulted in raising the price for the Business from $2.5 million to $3.4 million.

7. On January 18, 2011, the Debtors conducted the Auction, at which time VEM submitted the highest and best offer for the Assets (in such capacity, the "Successful Bidder") in the amount of $4.675 million. Accordingly, the Debtors have elected to pursue a Sale with the Successful Bidder, subject to the approval of this Court at the Sale Hearing.

8. As a result of this extensive marketing and bidding process, I believe that the bid of the Successful Bidder as embodied in the Agreement (the "Successful Bid") represents the highest and otherwise best offer received for the purchase of the Assets.

9. The Successful Bidder and the Debtors each were represented by separate professionals, including counsel. I believe that the Sale process was fair and that the Agreement was negotiated, proposed, and entered into by the Debtors and the Successful Bidder without collusion, in good faith, and at arm's length.

Dated: January 19, 2011

_____
David Abell