# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CB Holding Corp., et al.[1] | ) | Case No. 10-13683 (MFW) |
| | ) | |
| Debtors. | ) | |

**Objection Deadline: January 11, 2019 at 4:00 p.m. (prevailing Eastern time)**
**Hearing Date: January 28, 2019 at 10:30 a.m. (prevailing Eastern time)**

## MOTION FOR ORDER: (A) EXCUSING NEED TO MAKE DISTRIBUTIONS FOR CLAIMANTS WITHOUT TAXPAYER IDENTIFICATION NUMBERS AND PROVIDING THAT SUCH CLAIMANTS HAVE FORFEITED RIGHTS TO ANY DISTRIBUTIONS; AND (B) APPROVING RELATED WIND DOWN RELIEF REGARDING LIQUIDATING TRUST

Deloitte Financial Advisory Services LLP, the Liquidating Trustee (the "Trustee") for the CB Holding Corp. Liquidating Trust (the "Trust") established under the confirmed chapter 11 plan in the above-captioned case of the above-captioned debtors (collectively, the "Debtors"), hereby moves (the "Motion"), pursuant to section 105(a), for an order: (a) providing for certain relief in furtherance of the Trust's administration under the Plan and approved Trust that any Unreturned Tax ID Creditors (as defined below) listed on Schedule 1 attached to the proposed order that have not provided requested taxpayer identification numbers shall be deemed to forfeit any rights to a distribution under the Plan or from the Trust and providing that the Trustee is excused from making any distributions to the Unreturned Tax ID Creditors; and (b) approving related relief regarding certain Wind-Down Activities (as defined below) of the Trust. In support of the Motion, the Trustee respectfully represents as follows:

---

[1] The Debtor's former address was 1450 Route 22 West, Mountainside, NJ 07092. The chapter 11 case of Debtor CB Holding Corp. is the surviving open case. The Debtor's related debtor affiliates were previously closed by order of the Court.

1

**Jurisdiction**

1.   This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012, and Article XII of the Plan. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Trustee confirms its consent pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.   Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.   The statutory basis for the relief requested herein is section 105(a) of the Bankruptcy Code.

**Background**

4.   On November 17, 2010 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5.   On February 27, 2012, the Court entered the *Order Confirming Debtors' Modified First Amended Joint Plan of Liquidation* [Docket No. 1230] (the "Confirmation Order"). The Confirmation Order confirmed and approved the *Debtors' Modified First Amended Joint Plan of Liquidation Pursuant To Chapter 11 of the Bankruptcy Code* [Docket No. 1157] (the "Plan"). The Plan became effective on April 16, 2012 (the "Effective Date").

6.   Pursuant to the Plan, the Trustee was appointed to administer the Trust. *See* Plan, Article IV.D.1. The Trustee is authorized to make distributions pursuant to the terms

of the Plan. The Trustee also has authority to review and resolve any and all claims pursuant to the terms of the Plan, *see* Plan, Article V.A., and the power, authority, and responsibility to wind down the estates in accordance with the Plan and Liquidating Trust Agreement, *see* Plan Article IV.D.1(c).

A. **Tax ID Request Letter**

7. The Plan provides that the Trust shall request in writing from each "beneficiary" of the Trust a properly-completed IRS Form W-9 or applicable Form W-8. *See* Plan, Article VI.D. In addition, any beneficiary of the Trust that does not provide a completed Form W-9 or an applicable Form W-8 within the date that is 45 days of the date of such written request sent by the Trustee shall have its claim disallowed for all purposes in the chapter 11 cases. *Id.*

8. On September 21, 2018, the Trust sent a letter to those creditors that may be entitled possible receive a distribution from the Trust requesting such creditors provide a completed IRS taxpayer identification form W-9 (or the foreign entity equivalent) and send such form to the Trust on or before November 5, 2018.

9. Despite the requests, certain creditors have not returned a completed IRS taxpayer identification (the "Unreturned Tax ID Creditors"). The Trustee seeks an order to avoid any uncertainty and so that such Unreturned Tax ID Creditors cannot later claim a right to a distribution, notwithstanding the failure to respond to the letter request for taxpayer identification information and notwithstanding the language in the Plan providing for automatic disallowance of their claim.

**B.     Termination of the Trust and Approval of Wind-Down Activities**

10.     The Liquidating Trust Agreement ("LTA") that governs the Trust provides that:

> Termination After Five Years. If the Liquidating Trust has not been previously terminated pursuant to Article 9.2 hereof, on the fifth (5th) anniversary of the Effective Date, and unless the Liquidating Trust term has been otherwise extended by the Bankruptcy Court in accordance with the terms of the Plan (such extension to be approved by the Bankruptcy Court within six (6) months of the beginning of the extended term), the Liquidating Trustee shall distribute all of the Liquidating Trust Assets to the Beneficiaries in accordance with the Plan and immediately thereafter the Liquidating Trust shall terminate and the Liquidating Trustee shall have no further responsibility in connection therewith.

LTA § 9.3; *see also* Plan, Art IV.D.1(i).

11.     On October 13, 2016, the Trustee filed a motion to extend the Termination Date from April 16, 2017 through April 16, 2018 [Docket No. 1459] (the "First Extension Motion").  On November 10, 2016, the Court entered an order approving the First Extension Motion [Docket No. 1466].  On October 6, 2017, the Trustee filed a second motion to extend the Termination Date from April 16, 2018 through April 16, 2019 [Docket No. 1505] (the "Second Extension Motion").  On October 24, 2017, the Court entered an order approving the Second Extension Motion [Docket No. 1510].

12.     Upon approval of this Motion, the Trust will make the applicable distribution to the Trust beneficiaries entitled to a distribution, after which there is a 90-day period for recipients to cash checks (and a 180-day period for requests for reissuance of any checks) before such distributions revert back to the Trust and any associated claims are discharged and forever barred under the Plan.  *See* Plan, VI.E.

13.     The Trustee, on behalf of the Trust, seeks approval that it may take certain actions to wind up the affairs of the Trust, notwithstanding termination of the Trust, including, but not limited to: (a) the retention of the Trust's books and records as required by the LTA; (b)

4

federal tax reporting obligations for distributions made by the Trust prior to termination of the Trust; (c) making the Permitted Charitable Donation from any leftover sums from available distribution cash and the Post-Closing Reserve, as defined in, and in accordance with, the *Order Granting Motion of Liquidating Trustee: (I) Approving Authority to Make Charitable Donation, and Establish Post-Closing Reserve; (II) Authorizing Destruction, Abandonment, or Other Disposal of Remaining Records and Documents; and (III) Granting Related Relief With Respect to Certain Wind Down Tasks* [Docket No. 1528]; (d) dissolving the Trust; and (e) taking any other actions necessary under the LTA to wind down the affairs of, and implement the provisions contemplated by, the Trust (collectively, the "Wind-Down Activities").

## Relief Requested

14. By this Motion, Trustee seeks an order from the Court: (a) that any Unreturned Tax ID Creditors listed on the attached Schedule 1 to the proposed order that have not provided requested taxpayer identification numbers shall be deemed to forfeit any rights to a distribution under the Plan or from the Trust and providing that the Trustee is excused from making any distributions to the Unreturned Tax ID Creditors; and (b) approving the ability of the Trustee, on behalf of the Trust, to take any actions necessary for the post-termination Wind-Down Activities required by the LTA, notwithstanding the termination of the Trust.

15. The Trustee should not be required to hold an expected distribution for unresponsive Unreturned Tax ID Creditors for an indefinite period based on a lack of response to the written requests for a taxpayer identification number. And such information is necessary for reporting requirements with applicable taxing authorities. In order to comply with any tax reporting obligations, the Trustee needs a taxpayer identification number before distributions can be made. The Trustee needs finality in making distributions; it cannot hold back a distribution

5

DOCS_DE:222325.1 85481/003

forever in the hopes that one day it may eventually make contact with the Unreturned Tax ID Creditors. And the administration of the chapter 11 case cannot be indefinitely delayed pending receipt of a taxpayer identification form.

16. Although the Plan provides that creditors that do not return an applicable taxpayer identification form within 45 days of the date of such written request sent by the Trustee shall have their claims disallowed for all purposes in the chapter 11 cases, the Trustee seeks an order to avoid any uncertainty and so that such Unreturned Tax ID Creditors cannot later claim a right to a distribution.

17. To effectively administer distributions under the Plan, the Trustee must ensure that it collects the appropriate and necessary information for tax reporting purposes. Accordingly, any distributions to those Unreturned Tax ID Creditors listed on <u>Schedule 1</u> to the proposed order without tax identification numbers should be deemed forfeited.

18. Any of the Unreturned Tax ID Creditors receiving this Motion must, or before **January 11, 2019**, submit a completed taxpayer identification form to the Trust by completing a taxpayer identification form available online at https://www.irs.gov/pub/irs-pdf/fw9.pdf and e-mail the form to the following e-mail address: uscbhdeloitte@deloitte.com with the original documentation forwarded to the following address:

> CB Holding Corp., et al. Liquidation Trust
> c/o Peter J. Keane
> Pachulski Stang Ziehl & Jones LLP
> 919 N. Market Street, 17th Floor
> Wilmington, DE 19801

### Basis for Relief

19. Section 105(a) of the Bankruptcy Code provides that: "[t]he court may issue any order or process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 105(a) has been interpreted to expressly

6

empower bankruptcy courts with broad equitable powers to "craft flexible remedies that, while not expressly authorized by the Code, effect the result the Code was designed to obtain." *Official Comm. of Unsecured Creditors of Cybergenics Corp. ex rel. Cybergenics Corp. v. Chinery*, 330 F.3d 548, 568 (3d Cir. 2003) (en banc). Although not limitless, this section has also been construed to give bankruptcy courts authority to provide equitable relief appropriate to assure the orderly conduct of bankruptcy proceedings. *See, e.g.*, *In re Combustion Engineering, Inc.*, 391 F.3d 190, 236 (3d Cir. 2004); *see also Local Loan Co. v. Hunt,* 292 U.S. 234, 240 (1934) ("[C]ourts of bankruptcy are essentially courts of equity, and their proceedings inherently proceedings in equity.").

20. The Trustee submits that section 105 and the Court's inherent power provides the Court with the authority to implement the relief requested in this Motion. In addition, approving the ability of the Trustee, on behalf of the Trust, to take any necessary post-termination Wind-Down Activities required by the LTA, notwithstanding the termination of the Trust, is necessary for complete administration of the Trust.

21. Courts in this district have granted similar relief to that requested herein in other chapter 11 cases. *See, e.g.*, *In re Evergreen Solar, Inc.*, Case No. 11-12590 (MFW) (Bankr. D. Del. Jan. 9, 2017); *In re NE Opco, Inc.*, Case No. 13-11483 (CSS) (Bankr. D. Del. Dec. 1, 2016): *ICL Holding Company, Inc.*, Case No. 12-13319 (KG) (Bankr. D. Del. Sept. 16, 2016); *In re Coach Am Group Holdings Corp.*, Case No. 12-10010 (KG) (Bankr. D. Del. Apr. 28, 2014); *In re AES Eastern Energy, L.P.*, Case No. 11-14138 (KJC) (Bankr. D. Del. Dec. 13, 2013).

**No Prior Request**

22. No previous request for the relief sought herein has been made to this or any other Court.

**Notice**

23. Notice of this Motion has been provided to the following parties, or their counsel, if known: (a) the Office of the United States Trustee; (b) the Unreturned Tax ID Creditors listed on Schedule 1 to the proposed order; and (c) those persons who have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. In light of the nature of the relief requested, the Trustee respectfully submits that no further notice is necessary.

WHEREFORE the Trustee respectfully requests that the Court: (a) enter an order, substantially in the form annexed as Exhibit A hereto, granting the relief requested herein; and (b) grant such other and further relief as may be just.

Dated: December 21, 2018   PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Peter J. Keane*
Bradford J. Sandler (Bar No. 4142)
Peter J. Keane (Bar No. 5503)
919 North Market Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
E-mail: bsandler@pszjlaw.com
　　　　 pkeane@pszjlaw.com

Counsel to the Liquidating Trustee